USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/13

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICK HARRISON, JOHN BUCKLEY III, MARGARET LOPEZ, ANDY LOPEZ, KEITH LORENSEN, LISA LORENSEN, EDWARDS LOVE, ROBERT MCTUREOUS, DAVID MORALES, GINA MORRIS, MARTIN SONGER, JR., SHELLY SONGER, JEREMY STEWARD, KESHA STIDHAM, AARON TONEY, ERIC WILLIAMS, CARL WINGATE, AND TRACY SMITH, as Personal Representative of the Estate of Rubin Smith,<br><br>Plaintiffs/Petitioners,<br><br>vs.<br><br>THE REPUBLIC OF SUDAN,<br><br>Defendant,<br><br>vs.<br><br>NATIONAL BANK OF EGYPT,<br><br>Respondent. | Case No. 1:13-cv-03127 (AT)<br><br>**ORDER PROVIDING A LIMITED STAY OF ENFORCEMENT OF TURNOVER ORDER AND PROVIDING NOTICE TO THIRD PARTIES OF TURNOVER ORDER** |

WHEREAS, the Petitioners hold a Judgment in the amount of $314,705,896 issued by the District Court for the District of Columbia against the Defendant, the Republic of Sudan, which judgment has been registered, recognized, and given full faith and credit in this Court; and

WHEREAS, by Order dated October 23, 2013, the Court directed National Bank of Egypt, New York Branch ("NBE" or "Garnishee") to turn over proceeds of an OFAC blocked account (the "Blocked Assets") to Petitioners in partial satisfaction of the Judgment (the "Turnover Order"); and

WHEREAS, NBE as a mere stakeholder in this matter lacks information or belief regarding and takes no position respecting the factual assertions in support of the petition in this matter but has requested a stay of enforcement of the Turnover Order to allow NBE an opportunity to notify two potentially interested parties in the Blocked Assets (the "Third-Parties"); and

WHEREAS, although Petitioner believes that notice to potentially interested parties in the Blocked Assets is not required under the FSIA for judgment creditors who have obtained their judgment pursuant to 28 U.S.C. § 1605(A), Petitioners have agreed to a limited stay of enforcement of the Turnover Order to allow NBE the opportunity to obtain this Order discharging NBE from any liability if no claim is made to the Blocked Assets following the notice procedure established herein; and

WHEREAS, the parties wish to have the Court exercise its authority to establish requirements and procedures for NBE to give notice of the Turnover Petition and the Turnover Order to the Third-Parties; and

WHEREAS, this Court has the authority under its inherent powers to establish procedures for the giving of notice under these circumstances;

**NOW, THEREFORE, it is hereby ORDERED as follows:**

1. The Garnishee, at its sole expense, shall serve the Third Parties with the Turnover Petition and Turnover Order in the manner specified in subsequent provisions of this Order, except that any exhibits to the Turnover Petition that have been filed under seal shall be omitted and replaced by a list of the Blocked Assets pertinent to the Third Party to be served.

2. The Garnishee shall serve the Turnover Petition and Turnover Order upon the following Third Parties: Farmers Commercial Bank and counsel for the plaintiffs in the case *Owens, et al. v. Republic of Sudan et al.*

3. Within five (5) days of the date of this Order, the Garnishee shall make service on the Third Parties by sending copies of the Turnover Petition, the Turnover Order and this Order to such Third Party at its last known address, as determined by the Garnishee from its own records or public sources such as the Internet, either by U.S. global mail (also known as First-Class International Mail) or by an express delivery company such as FedEx, UPS or DHL that makes deliveries in the country to which the documents are being sent, directed to the attention of the Managing Director, Chief Executive Officer or Chief Legal Officer of that Third Party if it is a business entity, or to the individual if the Third Party is not an entity or to counsel of record (as to the Owens petitioners) in any pending litigation in the United States District Court for the District of Columbia or the Southern District of New York

4. In addition to the Turnover Petition, the Turnover Order and this Order, each mailing to a Third Party shall include a separate notice page (the "Notice of Lawsuit"), with the caption of this action and stating the following:

[DATE OF MAILING]

IMPORTANT! This mailing is being sent to you to put you on notice of a lawsuit pending in the United States District Court for the Southern District of New York that could result in the seizure or forfeiture of funds in which you may have an interest. The Petitioners have obtained judgments against the Republic of Sudan and seek to satisfy their judgments from assets of Sudan or its agencies and instrumentalities. These funds may include the balances held in one or more bank accounts that were blocked

pursuant to the Sudanese Sanctions and Regulations and the proceeds of one or more electronic funds transfers that were interrupted and blocked pursuant to those regulations.

THE COURT MAY ORDER THAT THOSE FUNDS BE TURNED OVER TO THE PETITIONERS TO SATISFY THE JUDGMENTS WITHOUT FURTHER PROCEEDINGS UNLESS YOU ACT TO ASSERT YOUR CLAIMS TO THOSE FUNDS BY THE SUBMISSION OF COMPETENT EVIDENCE TO THE COURT THAT SUCH FUNDS ARE NOT PROPERTY OF SUDAN OR ITS AGENCIES OR INSTRUMENTALITIES. **THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS ORDERED THAT ANY PERSON OR ENTITY CLAIMING TO BE THE OWNER OF OR HAVE AN INTEREST IN ANY OF THE FUNDS MUST SUBMIT WRITTEN OBJECTIONS WITHIN THIRTY (30) DAYS OF THE DATE OF THIS NOTICE.** SUCH OBJECTIONS MUST BE IN WRITING, SPECIFY THE ACCOUNT OR ELECTRONIC FUNDS TRANSFER THAT YOU CLAIM TO HAVE AN INTEREST IN, AND SET FORTH THE FACTUAL BASIS FOR YOUR CLAIM. THEY MUST BE SIGNED BY YOU, AN OFFICER OF YOUR ORGANIZATION OR YOUR ATTORNEY. YOU MUST SUBMIT SUCH OBJECTIONS TO THE ATTORNEYS FOR THE PETITIONERS AND THE ATTORNEYS FOR THE GARNISHEES AT THEIR ADDRESSES AS SET FORTH IN THE PETITION, AND TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.

IF YOU DO NOT SUBMIT WRITTEN OBJECTIONS OR MAKE A MOTION TO INTERVENE WITHIN THIRTY (30) DAYS OF THE DATE OF THIS NOTICE, THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK MAY DETERMINE THAT YOU HAVE DEFAULTED AND LOST YOUR RIGHT TO ASSERT A CLAIM TO THE FUNDS. IN THAT EVENT, THE COURT COULD DIRECT THE TURNOVER OF SUCH FUNDS TO THE PETITIONERS TO SATISFY THEIR JUDGMENTS. THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK MAY ALSO ENTER AN ORDER RELEASING AND DISCHARGING THE GARNISHEES FROM ANY OBLIGATIONS TO HOLD THE FUNDS IN THOSE ACCOUNTS FOR YOU OR TO PAY THOSE FUNDS TO YOU.

These documents are being sent to you because the records of one or more of the Garnishees indicate that you may have an interest in the funds being held by those Garnishees. The enclosed

>documents include documents or information identifying the bank accounts and/or wire transfers in which you may have an interest, to the extent that the Garnishees have been able to identify such accounts and wires.
>
>This notice has been approved by the United States District Court for the Southern District of New York, and the Court has directed the Petitioners to send it to you along with the enclosed documents.

5. Counsel for the Garnishee shall file a Certificate of Service with the Court and serve a copy of the Certificate of Service on counsel for the Petitioners within five (5) days after sending notice to the Third Parties, and such service shall be deemed good and sufficient for the purposes of this Order.

6. Any Protective Orders previously entered by this Court ordering the sealing of papers in this action, are hereby suspended and amended to the extent necessary for the service and delivery of documents and information as authorized in this Order.

7. Service in accordance with the provisions of this Order shall be deemed to satisfy all the requirements for service under the FSIA, the Federal Rules of Civil Procedure, New York's C.P.L.R., and 28 U.S.C. § 1665, and all of the requirements of due process of law.

8. Any Third Party who is served and fails to assert a claim to the Blocked Assets within thirty (30) days of the date indicated on the Notice of Lawsuit shall be deemed to waive any claims that such Third Party may have against the Blocked Assets, or against the Garnishees or the Petitioners with respect to the Blocked Assets, and Garnishee shall be discharged from further liability with respect to or concerning the Blocked Assets.

9. Upon expiration of 30 days following the date of the Notice of Lawsuit, if no Third Party has appeared and served an objection in this case and OFAC has approved, Garnishee shall immediately turn over to Petitioners the Blocked Assets identified in the Turnover Order.

Dated: November 12, 2013
       New York, New York

_____
ANALISA TORRES
United States District Judge