## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICK HARRISON, JOHN BUCKLEY III, MARGARET LOPEZ, ANDY LOPEZ, KEITH LORENSEN, LISA LORENSEN, EDWARDS LOVE, ROBERT MCTUREOUS, DAVID MORALES, GINA MORRIS, MARTIN SONGER, JR., SHELLY SONGER, JEREMY STEWARD, KESHA STIDHAM, AARON TONEY, ERIC WILLIAMS, CARL WINGATE, AND TRACY SMITH, as Personal Representative of the Estate of Rubin Smith,<br><br>     Plaintiffs,<br>vs.<br><br>THE REPUBLIC OF SUDAN,<br><br>     Defendant,<br>vs.<br><br>MASHREQBANK PSC,<br><br>     Respondent. | Case No. 1:13-cv-03127 (AT)<br><br>**TURNOVER ORDER AGAINST MASHREQBANK** |

   AND NOW, this _____ day of _____, 2013, upon Plaintiffs' Petition for Turnover Order Against Mashreqbank pursuant to 28 U.S.C. § 1610(g), CPLR § 5225(b) and Federal Rule of Civil Procedure 69(a), the Motion is GRANTED.  The Court hereby finds and orders as follows:

   1.  Plaintiffs obtained a judgment in the District Court for the District of Columbia in the amount of $314,705,896, plus interest (the "Judgment"), and the entire principal amount of the Judgment remains unsatisfied.

{10300/00333157.1}

2. Funds held at Mashreqbank are subject to execution and attachment under the Foreign Sovereign Immunities Act because the owners of the funds are agencies and instrumentalities of the Republic of Sudan.

3. ███████, also known as ████████████████████, is an agency and instrumentality of the Sudanese government. The following account, totaling ████████, plus accrued interest, is subject to execution to satisfy the Plaintiffs' outstanding judgment:

| Respondent Bank | Account Owner | Description | Value |
|---|---|---|---|
| ████ | ████████ | ████████ | ████ |

4. ████████████████ is an agency and instrumentality of the Sudanese government. The following account, totaling ██████ plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment:

| Respondent Bank | Account Owner | Description | Value |
|---|---|---|---|
| ████ | ██████ | ████████ | ████ |

5. ████████████ is an agency and instrumentality of the Sudanese government. The following account, totaling ████████ plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment:

| Respondent Bank | Account Owner | Description | Value |
|---|---|---|---|
| ████ | ██████ | ████████ | ████ |

{10300/00333157.1}

6.        ▮▮▮▮, also known as ▮▮▮▮▮▮▮▮▮▮, is an agency and instrumentality of Sudan.  The following account, totaling ▮▮▮▮▮, plus accrued interest, is subject to execution to satisfy the Plaintiffs' outstanding judgment:

| **Respondent Bank** | **Account Owner** | **Blocking Date** | **Value** |
|---|---|---|---|
| ▮▮▮▮▮ | ▮▮▮▮▮▮▮ | ▮▮▮ | ▮▮▮▮ |

7.        The Court hereby directs Mashreqbank to turn over the proceeds of the foregoing accounts, totaling ▮▮▮▮▮▮▮ (the "Turnover Assets"), together with any accrued interest, to the Plaintiffs within ten (10) days from the date of this Order.

8.        An OFAC license is not necessary to disburse these funds and no notice is necessary to the Sudanese agencies and instrumentalities.  *See Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013); *Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 23 (D.D.C. 2011); *Weininger v. Castro*, 432 F. Supp. 2d 457 (S.D.N.Y. 2006).

9.        Upon turnover by Mashreqbank of the Turnover Assets to the Plaintiffs, plus all accrued interest thereon to date, Mashreqbank shall be fully discharged pursuant to CPLR §§ 5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedure, as applicable, and released from any and all liability and obligations or other liabilities, including all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind, whether served on, or delivered to Mashreqbank, to the extent that they apply, purport to apply or attach to the Turnover Assets, to defendant Sudan, and to any agency and instrumentality of Sudan, or to any other party otherwise entitled to

claim the Turnover Assets (in whole or in part), including without limitation, the plaintiffs in *Owens, et al. v. Republic of Sudan, et al.*, 1:01-cv-02244-JDB (D.D.C.), and any other persons or entities, to the full extent of such amounts so held and deposited in compliance with this partial judgment. Mashreqbank shall provide a copy of this order to counsel for Owens within 5 days of the date of this order.

10. Upon payment and turnover by Mashreqbank of the Turnover Assets to the Plaintiffs, plus all accrued interest thereon to date, all other persons and entities shall be permanently restrained and enjoined from instituting or prosecuting any claim, or pursuing any action against Mashreqbank in any jurisdiction or tribunal arising from or relating to any claim (whether legal or equitable) to the funds turned over in compliance with paragraph 7 of this Order.

11. This Order enforces a duly registered District Court judgment from the District of Columbia, recognized by a New York Federal Court and given full faith and credit by this Court.

So ordered,

_____
, J.

Date: December ___, 2013

{10300/00333157.1}