UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICK HARRISON, JOHN BUCKLEY III, MARGARET LOPEZ, ANDY LOPEZ, KEITH LORENSEN, LISA LORENSEN, EDWARDS LOVE, ROBERT MCTUREOUS, DAVID MORALES, GINA MORRIS, MARTIN SONGER, JR., SHELLY SONGER, JEREMY STEWARD, KESHA STIDHAM, AARON TONEY, ERIC WILLIAMS, CARL WINGATE, AND TRACY SMITH, as Personal Representative of the Estate of Rubin Smith, <br><br> Plaintiffs, <br><br> vs. <br><br> THE REPUBLIC OF SUDAN, <br><br> Defendant, <br><br> vs. <br><br> CREDIT AGRICOLE CORPORATE & INVESTMENT BANK, <br><br> Respondent. | Case No. 1:13-cv-03127 (AT) <br><br> [~~PROPOSED~~] TURNOVER ORDER <br><br>  |

WHEREAS on December 18, 2013, Plaintiffs, Rick Harrison, John Buckley III, Margaret Lopez, Andy Lopez, Keith Lorensen, Lisa Lorensen, Edwards Love, Robert McTureous, David Morales, Gina Morris, Martin Songer, Jr., Shelly Songer, Jeremy Steward, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate, and Tracy Smith, as Personal Representative of the Estate of Rubin Smith ("Plaintiffs"), filed their Petition for Turnover Order Against Credit Agricole Corporate and Investment Bank ("CA-CIB") pursuant to 28 U.S.C. § 1610(g), CPLR § 5225(b) and Federal Rule of Civil Procedure 69(a) ("Petition"), which is currently before the Court;

WHEREAS, Plaintiffs have provided notice to the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") of this Petition and OFAC having not appeared or otherwise objected to the relief sought in the Petition;

WHEREAS, Plaintiffs obtained a judgment in the District Court for the District of Columbia in the amount of $314,705,896, plus interest (the "Judgment"), and the entire principal amount of the Judgment remains unsatisfied; and

WHEREAS, Plaintiffs' Petition establishes that the funds described in the Petition, totaling ▮▮▮▮▮ (as of June 29, 2012), plus accrued interest (the "Turnover Assets"), are subject to turnover pursuant to C.P.L.R. § 5225, 28 U.S.C. § 1610(g) and the Terrorism Risk Insurance Act of 2002, Pub. No. 107-297, 116 Stat. 2322 (2002), codified at 28 U.S.C. § 1610, in partial satisfaction of Plaintiffs' Judgment.

AND NOW, this __6th__ day of __January__, 2014 upon Plaintiffs' Petition, it is ORDERED, ADJUDGED AND DECREED THAT:

1. The Petition is GRANTED.

2. The Court finds that the Turnover Assets are subject to turnover pursuant to § 201 of the Terrorism Risk Insurance Act of 2002 and are subject to execution and attachment under the Foreign Sovereign Immunities Act because the owners of the funds are agencies and instrumentalities of the Republic of Sudan.

3. ▮▮▮▮▮ is an agency and instrumentality of the Sudanese government. The following accounts, totaling ▮▮▮, and ▮▮▮▮ (as of June 29, 2012), plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment:

| Respondent Bank | Originating Entity / Originating Bank | Blocking Date | Value ($) (as of June 29, 2012) |
|---|---|---|---|
| CA-CIB | ▮▮▮▮ | ▮▮▮▮ | ▮▮▮ |

| CA-CIB | ▮▮▮▮ | ▮▮▮▮ | ▮▮▮▮ |

4. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is an agency and instrumentality of the Sudanese government. The following account, totaling ▮▮▮▮ (as of June 29, 2012), plus accrued interest, is subject to execution to satisfy the Plaintiffs' outstanding judgment:

| Respondent Bank | Originating Entity / Originating Bank | Blocking Date | Value ($) (as of June 29, 2012) |
|---|---|---|---|
| CA-CIB | ▮▮▮▮ | ▮▮▮▮ | ▮▮▮▮ |

5. The Court hereby directs CA-CIB to turn over the Turnover Assets totaling ▮▮▮▮ (as of June 29, 2012), together with accrued interest, by wire transfer to Plaintiffs' counsel, Hall, Lamb and Hall, P.A., pursuant to wire instructions to be furnished to CA-CIB by Plaintiffs, in partial satisfaction of Plaintiffs' Judgment, within fifteen (15) days from the date of this Order.

6. Upon turnover by CA-CIB of the funds identified herein to the Plaintiffs, plus all accrued interest thereon to date, Credit Agricole shall be fully discharged pursuant to CPLR §§ 5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedure, as applicable, and released from any and all liability and obligations or other liabilities in connection with the turnover of those funds, including all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind, whether served on, or delivered to CA-CIB, to the extent that they apply, purport to apply or attach to the Turnover Assets, to defendant The Republic of Sudan, and to any agency and instrumentality of The Republic of Sudan, or to any other party otherwise entitled to claim the Turnover Assets (in

whole or in part), and any other persons or entities, to the full extent of such amounts so held and deposited in compliance with this Judgment.

7. Upon payment and turnover by CA-CIB of the Turnover Assets to Plaintiffs, plus all accrued interest thereon to date, all other persons and entities shall be permanently restrained and enjoined from instituting or prosecuting any claim, or pursuing any actions against CA-CIB in any jurisdiction or tribunal arising from or relating to any claim (whether legal or equitable) to the funds turned over in compliance with paragraph 3 of this Order.

8. Plaintiffs' Information Subpoena, Interrogatories, and Restraining Notice to CA-CIB shall be vacated except with respect to the three accounts identified in paragraph 10, below.

9. An OFAC license is not necessary to disburse these funds and no notice is necessary to the Sudanese agencies and instrumentalities. *See Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013); *Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 23 (D.D.C. 2011); *Weininger v. Castro*, 432 F. Supp. 2d 457 (S.D.N.Y. 2006).

10. Notwithstanding anything in this Order to the contrary, Plaintiffs reserve all rights to seek turnover of the following other amounts blocked by CA-CIB pursuant to regulations promulgated by OFAC, which CA-CIB will continue to restrain:

| Respondent Bank | Account Beneficiary / Beneficiary Bank | Blocking Date | Value ($) (as of June 29, 2012) |
|---|---|---|---|
| CA-CIB | ███████████ | ██████ | ██████ |
| CA-CIB | ██████ | ██████ | ██████ |
| CA-CIB | ███████████ | ██████ | ██████ |

Plaintiffs and CA-CIB shall meet and confer as to these amounts following the issuance by the Second Circuit of its rulings in *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, No. 12-75 (2d Cir), and *Hausler v. JPMorgan Chase, N.A.*, Nos. 12-1264 & 12-1272 (2d Cir.).

11. This Order enforces a duly registered District Court judgment from the District of Columbia, recognized by a New York Federal Court and given full faith and credit by this Court.

So ordered,

_____
ANALISA TORRES
United States District Judge

Date: January  6 , 2014