

**ATTORNEYS AT LAW**

**Chrysler Building**
405 Lexington Avenue | 29th Floor
New York, New York 10174-0002
212.785.2577 | fax 212.785.5203
www.CFJBLaw.com

Atlanta
Hartford
Miami
**New York**
Orlando
St. Petersburg
Tallahassee
Tampa
Washington, DC
West Palm Beach

March 28, 2014

<u>Via ECF</u>
Honorable Katherine Polk Failla
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Harrison, et al. v. Republic of Sudan*, 1:13-cv-03127-KPF

Dear Judge Failla,

      We represent Respondent State Bank of India ("SBI") in the above-referenced proceeding.

      On March 13, 2014, Plaintiffs served SBI with an Omnibus Petition for Turnover Order in this proceeding. Dkt. No. 72 ("Petition").

      Under the Foreign Sovereign Immunities Act ("FSIA"), a "foreign state" is immune from the jurisdiction of American courts unless a statutory exception applies.[1] The FSIA defines a "foreign state" as an "agency or instrumentality" of a foreign state, and an "agency or instrumentality" of a foreign state as an entity with a separate legal existence owned primarily by a foreign state.[2]

      SBI is an immune "foreign state" under the FSIA because it is owned and controlled directly by the Indian government. SBI was created by parliamentary act, the State Bank of India Act of 1955, which requires that the Indian government maintain a majority stake in SBI. SBI's immunity has been recognized in this Circuit.[3]

---

[1]    *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993)*;* 28 U.S.C. § 1604.
[2]    28 U.S.C. § 1603.
[3]    *See, e.g.*, *Gosain v. State Bank of India*, 414 Fed.Appx. 311, 2011 WL 181517, at *2 (2d Cir. Jan 21, 2011).

We note that on March 21, 2014 the Court extended the Respondents' deadline to answer, move, or otherwise respond to the Petition to April 21, 2014.

Pursuant to 28 U.S.C. § 1608(d), SBI, as an agency or instrumentality of a foreign state, has sixty (60) days to answer or otherwise respond to the Petition. *See Eitzen Bulk v. Bank of India,* 827 F.Supp.2d 234, 241 (S.D.N.Y. 2011) (stating that the Bank of India could not delay indefinitely its filing a responsive pleading and referencing in support 28 U.S.C. § 1608(d) ("requiring 'an agency or instrumentality of a foreign state [to] serve an answer or other responsive pleading to the complaint within sixty days after service has been made'")).

Based upon the foregoing, SBI's time to answer, move or otherwise respond to the Petition is up to and through May 12, 2014, and, unless the Court disagrees with SBI's letter herein, SBI will do so by that date.

This letter is not intended, and shall not be construed as, a waiver of any objections or defenses SBI may have under the FSIA, including, without limitation, those based upon service of process, personal jurisdiction and/or subject-matter jurisdiction.

        Respectfully submitted,

        /s/
        Natalie A. Napierala

cc: all counsel of record (by ECF)