Castel, K.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

RICK HARRISON, JOHN BUCKLEY III, MARGARET LOPEZ, ANDY LOPEZ, KEITH LORENSEN, LISA LORENSEN, EDWARDS LOVE, ROBERT MCTUREOUS, DAVID MORALES, GINA MORRIS, MARTIN SONGER, JR., SHELLY SONGER, JEREMY STEWARD, KESHA STIDHAM, AARON TONEY, ERIC WILLIAMS, CARL WINGATE, AND TRACY SMITH, as Personal Representative of the Estate of Rubin Smith

                  Plaintiffs,

-against-

THE REPUBLIC OF SUDAN,

                  Defendant,

-against-

BANK OF BARODA, NEW YORK BRANCH

                  Respondent.

Case No. 1:13-cv-03127 (PKC)

STIPULATION FOR TURNOVER OF PROPERTY

---

AND NOW, this 15th day of May 2014, Plaintiffs, Rick Harrison, John Buckley III, Margaret Lopez, Andy Lopez, Keith Lorensen, Lisa Lorensen, Edwards Love, Robert McTureous, David Morales, Gina Morris, Martin Songer, Jr., Shelly Songer, Jeremy Steward, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate, and Tracy Smith, as Personal Representative of the Estate of Rubin Smith ("Plaintiffs" or "Petitioners"), and Respondent Bank of Baroda, New York Branch ("Respondent"), stipulate and agree as follows:

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-19-14

1. Plaintiffs are judgment creditors pursuant to an Order and Judgment entered March 30, 2012 against the Republic of Sudan pursuant to 28 U.S.C. 1605A and 28 U.S.C. 1608(e) in the amount of $314,705,896.

2. On March 11, 2014, Plaintiffs served Respondent with a Summons, Notice of Petition and Omnibus Petition for Turnover directed to certain blocked accounts maintained by Respondent in which the Republic of Sudan has an interest.

3. Respondent has in its custody the sums listed below, totaling $■■■, plus accrued interest, held in the below designated accounts (the "Accounts"), wherein the Republic of Sudan has an interest:



a.  ■■■, plus interest, in ■■■ ■■■, ■ ■■■ ■ ■■■ ■■■ ■■ ■■ ■■ ■■ ■■ ■■; and

b.  ■■■, plus interest, in a blocked account referencing ■■■ ■■■

4. Respondent represents that, to its knowledge, it has identified all accounts in its custody in which the Republic of Sudan or its agencies or instrumentalities have an interest. Plaintiffs represent that they are seeking turnover only of the Accounts, without prejudice to Plaintiffs' right to seek turnover of additional accounts which may become blocked by virtue of the Sudanese Sanctions Regulations after the date of this Stipulation.

5. The Accounts were blocked pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. Part 538.

6. In accordance with Section 201(a) of the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. 1610 note, and 28 U.S.C. § 1610(g), Plaintiffs may execute on blocked Sudanese property in the custody of financial institutions.

7. Within ten (10) days from the date this Stipulation is executed by the Court, Respondent will turn over to Plaintiff's counsel the proceeds of the said Accounts in the total amount of $[redacted], plus accrued interest, less no more than $500 in attorneys' fees incurred by the Respondent for attorney review of this matter, in partial satisfaction of the said Judgment pursuant to TRIA and the FSIA.

8. Upon the turnover of the proceeds, Petitioners will voluntarily dismiss Respondent from the pending Omnibus Petition for Turnover and Respondent will be fully discharged and released from any and all liability and obligations in connection with the turnover of the Accounts.

By: _____
Beth I. Goldman, Esq.
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, NY 10022
(212) 715-4817

Brandon R. Levitt
Hall, Lamb and Hall, P.A.
2665 South Bayshore Drive
Penthouse 1
Miami, FL 33133
(305) 374-5030

*Attorneys for Plaintiffs Rick Harrison, et al.*

By: _____
Joseph E. Czerniawski, Esq.
Wormser, Kiely, Galef & Jacobs LLP
825 Third Avenue
New York, NY 10022
(212) 687-4900

*Attorneys for Bank of Baroda*

SO ORDERED: _____   5-16-14
United States District Judge