UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────

RICK HARRISON et al.,

        Plaintiffs,

-against-

REPUBLIC OF SUDAN,

        Defendant.

───────────────────────────────────

RICK HARRISON et al.,

        Petitioners,

-against-

AMERICAN EXPRESS TRAVEL RELATED SERVICES, CO.; BANCO DO BRASIL, S.A.; BANK OF AMERICA; BANK OF BARODA; NEW YORK BRANCH; BANK OF TOKYO - MITSUBISHI UFJ TRUST COMPANY; BARCLAYS BANK PLC; CITIGROUP INC.; COMMERZBANK AG; CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK; CREDIT SUISSE SECURITIES (USA) LTD.; DEUTSCHE BANK AG NEW YORK; DEUTSCHE BANK TRUST CO. AMERICAS; DOHA BANK; FEDERAL RESERVE BANK OF NEW YORK; HABIB AMERICAN BANK; HSBC BANK, USA, N.A., INTERAUDI BANK; INTESA SANPAOLO, S.A., JP MORGAN CHASE & CO.; PNC BANK, N.A., RBS CITIZENS, N.A.; SOCIETE GENERALE; STANDARD CHARTERED BANK; STATE BANK OF INDIA; SUMITOMO MITSUI BANKING CORP.; THE ROYAL BANK OF SCOTLAND N.V.; UNITED BANK LIMITED; WELLS FARGO BANK, N.A.

        Respondents/Garnishees.

───────────────────────────────────

HSBC BANK USA, N.A.,

Case No. 1:13-cv-03127 (PKC)

**THIRD-PARTY PETITION ALLEGING COUNTERCLAIMS AND CLAIMS IN THE NATURE OF <u>INTERPLEADER</u>**

*Caption continued on following page*

        Respondent-Garnishee and
Stakeholder/Third-Party Petitioner,

-against -

RICK HARRISON, JOHN BUCKLEY,
MARGARET LOPEZ, KEITH LORENSEN,
EDWARD LOVE, DAVID MORALES,
ROBERT METUREOUS, GINA MORRIS,
RUBIN SMITH, MARTIN SONGER, JR.,
JEREMY STEWART, KESHA STIDHAM,
AARON TONEY, ERIC WILLIAMS,
CARL WINGATE, ANDREW LOPEZ,
LISA LORENSEN and SHELLY SONGER,

        Counterclaim Respondents,

-and-

SEA PORTS CORPORATION,
BRITISH ARAB COMMERCIAL BANK, Plc
EL NILEIN INDUSTRIAL DEVELOPMENT BANK,
HSBC BANK MIDDLE EAST,
SOCIETE GENERALE,
CHINA CAMC ENGINEERING CO., LTD. a/k/a
CHINA ENGINEERING CO.,
WNPOC LTD. – MULTICONSULT LTD.,
QATAR NATIONAL BANK,
HSBC BANK plc,
THE HONG KONG AND SHANGHAI BANKING
CORPORATION, LTD., and
GREATER NILE PETROLEUM OPERATING CO.,

        Third-Party Respondents/
Adverse Claimants.

_____

        Respondent-Garnishee and Stakeholder/Third-Party Petitioner, HSBC Bank USA, N.A. ("HBUS"), by its attorneys, Phillips Lytle LLP, alleges on information and belief as follows for its Third-Party Petition Alleging Counterclaims and Claims in the Nature of Interpleader:

## NATURE OF PROCEEDING

1. HBUS files this Third-Party Petition Alleging Counterclaims and Claims in the Nature of Interpleader seeking a judicial determination of the rights, if any, of Petitioners/Counterclaim Respondents, Third-Party Respondents/Adverse Claimants and any other person or entity to the funds in two blocked accounts held by HBUS (the "Blocked Accounts"). The Blocked Accounts, which are identified in **Exhibit A**, are being held by HBUS as required by certain Presidential Executive Orders, and by regulations of the Office of Foreign Asset Control of the United States Treasury Department ("OFAC") that apply to the Republic of Sudan and its agencies or instrumentalities ("Sudan").

2. In their Amended Omnibus Petition for Turnover Order dated June 19, 2014 (Docket No. 138) ("Petition"), Petitioners/Counterclaim Respondents seek to have the funds in the Blocked Accounts turned over to them, thereby exposing HBUS to double or multiple liability, as the Third-Party Respondents/Adverse Claimants may have claims or rights to the funds in the Blocked Accounts. A copy of the Petition, with exhibits filed under seal omitted, is attached as **Exhibit B**. A copy of HBUS's Answer to the Petition is attached as **Exhibit C**.

3. Because it is a disinterested, neutral stakeholder with respect to the Blocked Accounts, and in accordance with the Court's Order entered May 15, 2014 (Docket No. 120), a copy of which is attached as **Exhibit D**, HBUS hereby files counterclaims against the Petitioners/Counterclaim Respondents and interpleader claims against the Third-Party Respondents/Adverse Claimants in order to bring them before the Court in accordance with Fed. R. Civ. P. 22, 28 U.S.C. §§1335 and 2361, New York CPLR §§1006, 5239 and 6221, and New

York Banking Law §134 so that the Court can determine which of these potential claimants, if any, is entitled to the funds in of the Blocked Accounts.

4. As part of any judgment directing the turnover of the funds in the Blocked Accounts, HBUS seeks a discharge, binding on all parties to this Third-Party Petition alleging Counterclaims and Claims in the Nature of Interpleader, as well as all other persons and entities, protecting it against any future liability as to the Blocked Accounts.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this proceeding under 28 U.S.C. §1331 because Petitioners/Counterclaim Respondents' Petition alleges claims under the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337 ("TRIA"), and the Foreign Sovereign Immunities Act 28 U.S.C. §1602 *et seq*. ("FSIA"). The Court has supplemental jurisdiction of HBUS's counterclaims against the Petitioners/Counterclaim Respondents, as well as its claims against the Third-Party Respondents/Adverse Claimants, under 28 U.S.C. §1367(a) because those claims are so related to the claims in the Petition that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

## PARTIES

7. HBUS is a national banking association with its main office located in McLean, Virginia and its principal office located in New York, New York.

8. Upon information and belief, Petitioners/Counterclaim Respondents, Rick Harrison, John Buckley, Margaret Lopez, Keith Lorensen, Edward Love, David Morales, Robert Metureous, Gina Morris, Rubin Smith, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate, Andrew Lopez, Lisa Lorensen and Shelly Songer,

are American citizens who hold a judgment in the amount of $314,705,896 against the Republic of Sudan, which was entered in the United States District Court for the District of Columbia on March 30, 2012 (the "Judgment"). Petitioners/Counterclaim Respondents registered their Judgment in this District on October 2, 2013 in the related case, *Harrison et al. v. Republic of Sudan*, No. 1:12-mc-00328-P1.

    9.  Upon information and belief, Third-Party Respondent/Adverse Claimant, Sea Ports Corporation ("SPC"), is a foreign corporation existing under the laws of the Republic of Sudan, with offices in Khartoum, Sudan.

    10.  Upon information and belief, Third-Party Respondent/Adverse Claimant, British Arab Commercial Bank, Plc ("BACB"), is a foreign banking institution existing under the laws of the United Kingdom, with offices in London, England.

    11.  Upon information and belief, Third-Party Respondent/Adverse Claimant, El Nilein Industrial Development Bank ("ENIDB"), is a foreign banking institution existing under the laws of the Republic of Sudan, with offices in Khartoum, Sudan.

    12.  Upon information and belief, Third-Party Respondent/Adverse Claimant, HSBC Bank Middle East ("HBME"), is a foreign banking institution existing under the laws of the United Arab Emirates, with offices in Dubai, United Arab Emirates.

    13.  Upon information and belief, Third-Party Respondent/Adverse Claimant, Societe Generale ("SG"), is a foreign banking institution existing under the laws of France with a branch office in New York, New York.

    14.  Upon information and belief, Third-Party Respondent/Adverse Claimant, United Arab Bank ("UAB"), is a foreign banking institution existing under the laws of the United Arab Emirates, with offices in Abu Dhabi, United Arab Emirates.

15. Upon information and belief, Third-Party Respondent/Adverse Claimant, China CAMC Engineering Co., Ltd. a/k/a China Engineering Co. ("CEC"), is a foreign corporation existing under the laws of China, with an office in Khartoum, Sudan.

16. Upon information and belief, Third-Party Respondent/Adverse Claimant, WNPOC Ltd. – Multiconsult Ltd. ("WNPOC"), is a foreign corporation existing under the laws of Sudan, with offices in Port Louis, Mauritius.

17. Upon information and belief, Third-Party Respondent/Adverse Claimant, Qatar National Bank ("QNS"), is a foreign banking institution existing under the laws of the State of Qatar with offices in Doha, Qatar.

18. Upon information and belief, Third-Party Respondent/Adverse Claimant, HSBC Bank plc ("HBPL"), is a foreign banking institution organized under the laws of the United Kingdom with offices in London, United Kingdom.

19. Upon information and belief, Third-Party Respondent/Adverse Claimant, The Hong Kong and Shanghai Banking Corporation Ltd. ("HKSB"), is a foreign banking institution organized under the laws of Hong Kong with offices in Port Louis, Mauritius.

20. Upon information and belief, Third-Party Respondent/Adverse Claimant, Greater Nile Petroleum Operating Co. ("GNPOC"), is a foreign corporation organized under the laws of Sudan with offices in Khartoum, Sudan.

## BACKGROUND

21. On or about March 11, 2014, the United States Marshal effected service of a writ of execution ("Writ") on HBUS in connection with the Judgment.

22. In their Petition, Petitioners/Counterclaim Respondents claim that they are entitled under TRIA and FSIA to levy upon certain accounts held by HBUS and subject to the Writ including, but not limited to, the Blocked Accounts.

23. The Third-Party Respondents/Adverse Claimants are entities that were identified as originators, beneficiaries, intermediary banks or other participating banks in the wire instructions received by HBUS concerning blocked wire transfers whose funds are being held in the Blocked Accounts.

24. Upon information and belief, SPC, BACB, ENIDB, HBME, WNPOC, QNB and HBPL were either an originator, an originator's bank, or an intermediary bank that preceded HBUS in the wire transfers underlying the Blocked Accounts may have an interest in, or rights to, some or all of the funds that are being held in the Blocked Accounts, which may be superior to those of Petitioners/Counterclaim Respondents.

25. Upon information and belief, SG, UAB, CEC, HKSB and GNPOC were each a beneficiary, a beneficiary's bank, or an intermediary bank that followed HBUS in the intended transmittal of the wire transfers underlying the Blocked Accounts that have no right to the funds that are being held in the Blocked Accounts. Nevertheless, HBUS is including them as Third-Party Respondents/Adverse Claimants to protect itself against any claim that any one or more of them could assert as to one or both of the Blocked Accounts.

26. In any event, some of the Third-Party Respondents/Adverse Claimants may have a sufficient interest in the Blocked Accounts such that they may be able to establish that the funds in the Blocked Accounts are not subject to execution to satisfy the Judgment.

27. HBUS is a disinterested stakeholder; makes no claim to the funds in the Blocked Accounts; and takes no position with respect to whether Petitioners/Counterclaim

Respondents or Third-Part Respondents/Adverse Claimants have valid claims to the funds in the Blocked Accounts and, if so, which party, if any, is entitled to the funds in the Blocked Accounts.

28. In light of Petitioners/Counterclaim Respondents' claim and the possible claims of Third-Party Respondents/Adverse Claimants, or any other person or entity, HBUS may be exposed to double or multiple liability if the Court directs that the funds in the Blocked Accounts be turned over to Petitioners/Counterclaim Respondents without first adjudicating competing claims.

**FIRST COUNTERCLAIM AND**
**FIRST THIRD-PARTY CLAIM FOR RELIEF**

29. Paragraphs 1 through 28 are realleged.

30. CPLR §5239 provides that "[p]rior to the application of property or debt ... to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

31. Accordingly, HBUS is entitled to an order determining the rights of the Petitioners/Counterclaim Respondents and the Third-Party Respondents/Adverse Claimants to the funds in the Blocked Accounts.

**SECOND COUNTERCLAIM AND**
**SECOND THIRD-PARTY CLAIM FOR RELIEF**

32. Paragraphs 1 through 31 are realleged.

33. Petitioners/Counterclaim Respondents assert that they are entitled to the turnover of the funds in the Blocked Accounts in order to satisfy their Judgment. However, other

persons or entities may have claims to, or rights in, some or all of the funds in the Blocked Accounts that may take priority over those of Petitioners/Counterclaim Respondents. As a result, HBUS is exposed to the risk of multiple and inconsistent liability as to the funds in the Blocked Accounts.

34. Accordingly, HBUS is entitled to interplead all other parties who may have claims to, or rights in, the funds in the Blocked Accounts and obtain a determination by the Court, pursuant to Fed. R. Civ. P. 22, 28 U.S.C. §§1335 and 2361, New York Banking Law §134 and CPLR §1006, of the rights of all interested parties with respect to the funds in the Blocked Accounts.

### THIRD COUNTERCLAIM AND THIRD THIRD-PARTY CLAIM FOR RELIEF

35. Paragraphs 1 through 34 are realleged.

36. If the Court directs HBUS to turn over some or all of the funds in the Blocked Accounts to Petitioners/Counterclaim Respondents, Third-Party Respondents/Adverse Claimants, or anyone else, HBUS will be entitled to a discharge of liability protecting it against any future claim, by any person or entity, to the funds in the Blocked Accounts that are turned over.

37. HBUS is also entitled to preliminary and permanent injunctive relief (i) restraining and enjoining Petitioners/Counterclaim Respondents, Third-Party Respondents/Adverse Claimants, and all other persons and entities from instituting or prosecuting any other proceeding, in any state or federal court or any other jurisdiction or forum, that relates to or affects the funds in the Blocked Accounts; (ii) requiring each person or entity to assert their claims to the funds in the Blocked Accounts in this proceeding; and (iii) restraining and enjoining any person or entity from instituting or prosecuting any proceeding, in any

jurisdiction, as to any of the funds in the Blocked Accounts that HBUS is ordered to turn over to Petitioners/Counterclaim Respondents, Third-Party Respondents/Adverse Claimants, or to any other person or entity.

### FOURTH COUNTERCLAIM AND FOURTH THIRD-PARTY CLAIM FOR RELIEF

38.     Paragraphs 1 through 37 are realleged.

39.     HBUS is entitled to a judgment awarding it its costs and reasonable attorneys' fees incurred in defending against Petitioners/Counterclaim Respondents' Petition, including the costs and reasonable attorneys' fees incurred to commence and prosecute this Third-Party Petition Alleging Counterclaims and Claims in the Nature of Interpleader. All such costs and attorneys' fees should be awarded out of the funds in the Blocked Accounts that may be turned over to Petitioners/Counterclaim Respondents or anyone else, under any judgment entered in this proceeding.

WHEREFORE, HSBC Bank USA, N.A. respectfully requests that the Court enter judgment determining which, if any, of Petitioners/Counterclaim Respondents, Third-Party Respondents/Adverse Claimants, or any other person or entity is entitled to the funds in the Blocked Accounts; discharging HSBC Bank USA, N.A. under New York CPLR §§5209 and 6204, Rule 22 of the Federal Rules of Civil Procedure and Section 134 of the Banking Law of the State of New York from any liability or obligation in respect of the Blocked Accounts; permanently restraining and enjoining the Petitioners/Counterclaim Respondents, the Third-Party Respondents/Adverse Claimants, and all other persons and entities from instituting or prosecuting any proceeding, in any jurisdiction, as to any funds in the Blocked Accounts that HBUS is ordered to turn over to any person or entity; awarding HSBC Bank USA, N.A. its reasonable attorneys' fees and costs in bringing this Third-Party Petition Alleging Counterclaims

and Claims in the Nature of Interpleader; and awarding such other and further relief as the Court may deem just and proper.

DATED: August 4, 2014
       Buffalo, New York

                    PHILLIPS LYTLE LLP

                    By: /s/ Sean C. McPhee
                          Sean C. McPhee
                  Attorneys for Respondent-Garnishee and
                   Stakeholder/Third-Party Petitioner,
                   *HSBC Bank USA, N.A.*
                  One Canalside
                  125 Main Street
                  Buffalo, New York  14203
                  (716) 847-8400
                  smcphee@phillipslytle.com
                  pstecker@phillipslytle.com

                  and

                  The New York Times Building
                  620 Eighth Avenue, 23rd Floor
                  New York, NY 10018-1405
                  (212) 759-4888

Doc #01-2768447.5