UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

RICK HARRISON et al.,

        Plaintiffs,

-against-

REPUBLIC OF SUDAN,

        Defendant.
_____

RICK HARRISON et al.,

        Petitioners,

-against-

AMERICAN EXPRESS TRAVEL RELATED SERVICES, CO.; BANCO DO BRASIL, S.A.; BANK OF AMERICA; BANK OF BARODA; NEW YORK BRANCH; BANK OF TOKYO - MITSUBISHI UFJ TRUST COMPANY; BARCLAYS BANK PLC; CITIGROUP INC.; COMMERZBANK AG; CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK; CREDIT SUISSE SECURITIES (USA) LTD.; DEUTSCHE BANK AG NEW YORK; DEUTSCHE BANK TRUST CO. AMERICAS; DOHA BANK; FEDERAL RESERVE BANK OF NEW YORK; HABIB AMERICAN BANK; HSBC BANK, USA, N.A., INTERAUDI BANK; INTESA SANPAOLO, S.A., JP MORGAN CHASE & CO.; PNC BANK, N.A., RBS CITIZENS, N.A.; SOCIETE GENERALE; STANDARD CHARTERED BANK; STATE BANK OF INDIA; SUMITOMO MITSUI BANKING CORP.; THE ROYAL BANK OF SCOTLAND N.V.; UNITED BANK LIMITED; WELLS FARGO BANK, N.A.

        Respondents/Garnishees.
_____

Case No. 1:13-cv-03127 (PKC)

**ANSWER OF HSBC BANK USA, N.A TO AMENDED OMNIBUS PETITION FOR TURNOVER ORDER**

Respondent-Garnishee, HSBC Bank USA, National Association ("HSBC"), by its attorneys, Phillips Lytle LLP, states as follows for its Answer to the Amended Omnibus Petition for Turnover Order ("Petition"):

## NATURE OF THE PROCEEDING

1. In answer to paragraph 1 of the Petition, admits that Petitioners have brought this proceeding as alleged.

2. In answer to paragraph 2 of the Petition, admits that Petitioners are judgment creditors of the Republic of Sudan and states that the remainder of such paragraph consists of conclusions of law to which no response is required.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Petition, except admits that the U.S. Marshal served HSBC with a writ of execution on behalf of the Petitioners.

4. In answer to paragraph 4 of the Petition, admits that Petitioners seek relief as alleged.

## JURISDICTION

5. In answer to paragraph 5 of the Petition, admits that this Court has jurisdiction under 28 U.S.C. §1331 as alleged and states that the remainder of such paragraph consists of conclusions of law as to which no response is required.

6. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Petition, except admits that venue is proper as to HSBC.

## PARTIES

7. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Petition.

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Petition.

9. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Petition.

10. In answer to paragraph 10 of the Petition, admits that the referenced Petitioners hold a judgment entered and registered as alleged.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Petition.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Petition.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Petition.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Petition.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Petition.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Petition.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Petition.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Petition.

19. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Petition.

20. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Petition.

21. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Petition.

22. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Petition.

23. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Petition.

24. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Petition.

25. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Petition.

26. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Petition.

27. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Petition, except admits that HSBC is a national bank with its main office located in McLean, Virginia and branch offices in New York City.

28. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Petition.

29. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Petition.

30. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Petition.

31. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Petition.

32. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Petition.

33. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Petition.

34. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Petition.

35. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Petition.

36. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Petition.

37. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Petition.

38. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Petition.

39. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Petition.

40. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Petition.

## BACKGROUND

41. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Petition, except admits that a final judgment awarding Petitioners $314,705,896 was entered against Sudan in the United States District Court for the District of Columbia.

42. In response to paragraph 42 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

43. In answer to paragraph 43 of the Petitioner, admits that Petitioners registered a judgment against Sudan as alleged.

44. In response to paragraph 44 of the Petition, refers to the Court's order for its terms.

45. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Petition, except admits that HSBC holds certain accounts consisting of the proceeds of payments it was required to block pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. Part 538 ("HSBC's Blocked Accounts") and states that the remaining allegations consist of conclusions of law to which no response is required.

46. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Petition, except admits that the Court entered a Protective Agreement and Order and Addendum on May 19, 2014 (Docket No. 123); a memo endorsement granting Motion to Seal on June 18, 2014 (Docket No. 137); and an Order with Respect to Giving Notice of Turnover Proceeding on May 15, 2014 (Docket No. 120).

**The Relevant Provisions of TRIA and FSIA**

47. In response to paragraph 47 of the Petition, states that such paragraph consists of conclusions of law to which no response is required

48. In response to paragraph 48 of the Petition, refers to the Terrorism Risk Insurance Act of 2002 ("TRIA") and The Foreign Sovereign Immunities Act ("FSIA") for their terms.

49. In response to paragraph 49 of the Petition, states that such paragraph consists of conclusions of law to which no response is required and refers to TRIA and FSIA for their terms.

50. In response to paragraph 50 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

**The Relevant Provisions of the Sudanese Sanctions Regulations**

51. In response to paragraph 51 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

52. In response to paragraph 52 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

53. In response to paragraph 53 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

54. In response to paragraph 54 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

55. In response to paragraph 55 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

**Petitioners Have Satisfied Their Obligations under CPLR §5225 and
28 U.S.C. §1610(c) by Providing Sudan with Notice of this Proceeding**

56. In response to paragraph 56 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

57. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Petition, except admits that the Petitioners filed a motion, which the Court granted as alleged.

58. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Petition.

**An OFAC License is Not Necessary and No Notice
is Required to the Agencies and Instrumentalities**

59. In response to paragraph 59 of the Petition, lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the funds that are the subject of this proceeding, except admits that HSBC's Blocked Accounts contain funds HSBC was required to block pursuant to OFAC regulations, and states that the remaining allegations of such paragraph consist of conclusions of law to which no response is required.

60. In response to paragraph 60 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

**THE NEED FOR A TURNOVER ORDER**

61. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Petition, except admits that HSBC's Blocked Accounts contain funds HSBC was required to block pursuant to the Sudanese Sanctions Regulations.

62. In response to paragraph 62 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

63. Denies the allegations of paragraph 63 of the Petition.

64. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Petition.

65. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Petition, except admits that there has been no such release of funds from HSBC's Blocked Accounts.

66. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Petition.

67. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Petition, except admits that not more than 90 days have elapsed since the service of a writ of execution on HSBC.

68. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Petition.

69. Denies all other allegations not previously responded to above.

**FIRST DEFENSE**

70. The Omnibus Petition For Turnover Order fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

71. Persons other than the Republic of Sudan or its agencies and instrumentalities (collectively, "Sudan") may have ownership or other interests in HSBC's Blocked Accounts that may be superior to Petitioners' rights, if any, to execute against HSBC's Blocked Accounts.

**THIRD DEFENSE**

72. HSBC's Blocked Accounts consist largely or entirely of the proceeds of wire transfers that were routed through HSBC as an intermediary bank, but could not be completed because of applicable regulations. Persons other than Sudan who were the originators, beneficiaries or bank participants in such wire transfers may have ownership or other interests in HSBC's Blocked Accounts which may be superior to Petitioners' rights, if any, to have execution against HSBC's Blocked Accounts.

**FOURTH DEFENSE**

73. To the extent that HSBC's Blocked Accounts are held in the name of, or for the benefit of, persons or entities other than Sudan, or that persons other than Sudan may have been parties to or have an interest in the proceeds of wire transfers that could not be completed due to applicable regulations, such persons may be indispensable parties hereto and may have the right to receive notice of those proceedings and an opportunity to be heard before this Court enters judgment in this proceeding that would terminate or otherwise affect their rights.

**FIFTH DEFENSE**

74. To the extent that Petitioners claim that some or all of HSBC's Blocked Accounts belong to Sudan, or that such persons have an interest in some part of HSBC's Blocked Accounts, such persons may be indispensable parties hereto and have the right to receive notice of these proceedings and an opportunity to be heard before this Court determines whether such assets are subject to execution to satisfy Petitioners' judgments.

**SIXTH DEFENSE**

75. To the extent that other persons who hold judgments against Sudan based on its involvement with acts of terrorism have served restraining notices, notices of pendency,

writs of execution or other process or documents upon HSBC with respect to assets that may belong to Sudan, such persons may be indispensable parties hereto and may have the right to receive notice of these proceedings and an opportunity to be heard so that this Court may determine which judgment creditors should take precedence with respect to any assets that may belong to Sudan.

### SEVENTH DEFENSE

76. The funds in HSBC's Blocked Accounts cannot be transferred to Petitioners except pursuant to a license issued by OFAC or a final judgment entered pursuant to TRIA §201 after a determination that Petitioners have established all the elements of a claim under TRIA §201(a) and that such funds are subject to execution therefor.

### EIGHTH DEFENSE

77. Petitioners must establish as to any judgment entered on default that a copy was properly served on Sudan in the manner required by the Foreign Sovereign Immunities Act ("FSIA") §1608(a) in order to comply with FSIA §1608(e).

### NINTH DEFENSE

78. Petitioners must establish, in order to comply with the requirements of CPLR 5225(b) and Fed. R. Civ. P. 69, that a copy of the Petition was properly served on Sudan in the manner required by FSIA §1608(a).

### TENTH DEFENSE

79. To the extent applicable, Petitioners must establish that, under New York law, wire transfer funds in the temporary possession of HSBC as an intermediary bank are subject to attachment or turnover.

**ELEVENTH DEFENSE**

80. To the extent the funds in HSBC's Blocked Accounts sought by Petitioners, when aggregated with other funds sought, exceed the amount of Petitioners' judgments, the amount of the funds to be turned over must be allocated, and a determination made regarding from which accounts all such funds should be debited, in such a way that no respondent and none of the other affected persons are required to turn over more than their allocable share of the amount necessary to satisfy any such judgment.

**TWELFTH DEFENSE**

81. To the extent that Petitioners seek turnover of payments blocked by reason of the identity of a beneficiary or beneficiary bank, upon information and belief, Sudan does not have any ownership claim to any such accounts.

**THIRTEENTH DEFENSE**

82. HSBC expressly reserves the right to raise any and all other objections or defenses that may become evident after further factual development or otherwise.

**WHEREFORE**, Respondent/Garnishee, HSBC Bank USA, National Association, respectfully requests that the Court enter judgment denying the Petition or, if the Court determines that Petitioners are entitled to execute against HSBC's Blocked Accounts, granting such relief only upon condition that HSBC Bank USA, National Association shall, upon compliance with any turnover order, be discharged under CPLR 5209 and 6204 from any further liability or obligation to Sudan, or to any other party having an actual or potential interest in HSBC's Blocked Accounts, and awarding HSBC Bank USA, National Association its reasonable attorneys' fees and the costs of this proceeding.

DATED: July 9, 2014

                              PHILLIPS LYTLE LLP

                              By:   /s/ Sean C. McPhee
                                       Sean C. McPhee
                              Attorneys for Respondent-Garnishee
                               *HSBC Bank USA, National Association*
                              One Canalside
                              125 Main Street
                              Buffalo, New York 14203
                              (716) 847-8400
                              smcphee@phillipslytle.com

                              and

                              The New York Times Building
                              620 Eighth Avenue, 23rd Floor
                              New York, NY 10018-1405
                              (212) 759-4888

Doc #01-2785544.1