Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 1 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 1 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 3 of 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICK HARRISON, ET AL. ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:13-cv-03127(KC) |
| ) | |
| v. ) | |
| ) | **ORDER WITH RESPECT TO** |
| REPUBLIC OF SUDAN, ) | **GIVING NOTICE OF** |
| ) | **TURNOVER PROCEEDING** |
| Defendant, ) | |
| _____ ) | |
| ) | |
| RICK HARRISON, ET AL. ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN EXPRESS TRAVEL RELATED ) | |
| SERVICES, CO.; BANCO DO BRASIL, S.A. ) | |
| BANK OF AMERICA; BANK OF BARODA, ) | |
| NEW YORK BRANCH; BANK OF CHINA, ) | |
| NEW YORK BRANCH; BANK OF NEW YORK ) | |
| MELLON; BANK OF TOKYO – MITSUBISHI ) | |
| UFJ TRUST COMPANY; BARCLAYS BANK ) | |
| PLC; CITIGROUP INC.; COMMERZBANK AG ) | |
| CREDIT AGRICOLE CORPORATE & ) | |
| INVESTMENT BANK; CREDIT SUISSE ) | |
| SECURITIES (USA) LLC; DEUTSCH BANK AG ) | |
| NEW YORK; DEUTSCHE BANK TRUST CO. ) | |
| AMERICAS; DOHA BANK; FEDERAL ) | |
| RESERVE BANK OF NEW YORK; HABIB ) | |
| AMERICAN BANK; HSBC BANK, USA, N.A.; ) | |
| INTERAUDI BANK; INTESA SANPAOLO ) | |
| S.P.A.; JP MORGAN CHASE & CO.; PNC ) | |
| BANK, N.A.; RBS CITIZENS, N.A.; SOCIETE ) | |
| GENERALE; STANDARD CHARTERED ) | |
| BANK; STATE BANK OF INDIA; SUMITOMO ) | |
| MITSUI BANKING CORP.; THE ROYAL BANK ) | |
| OF SCOTLAND N.V.; UNITED BANK ) | |
| LIMITED; WELLS FARGO BANK, N.A., ) | |
| ) | |
| Respondents/Garnishees. ) | |
| _____ ) | |

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-15-14
```

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 2 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 2 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 4 of 16

WHEREAS, on March 3, 2014 Petitioners Rick Harrison et al. (collectively, "Petitioners") filed an Omnibus Petition for Turnover Order (the "Petition"), which seeks to enforce a judgment against the Republic of Sudan (the "Judgment") by executing on assets held at certain respondent banks, including but not limited to the following respondent banks that have stipulated and agreed to the terms and conditions of this order: American Express Travel Related Services, Co., Bank of America, N.A., Bank of China Limited, New York Branch, Bank of New York Mellon, Barclays Bank Plc, Citibank, N.A. for Citigroup Inc., Credit Agricole Corporate & Investment Bank, Credit Suisse Securities (USA) LLC, Deutsche Bank AG, New York Branch, Deutsche Bank Trust Co. Americas, Federal Reserve Bank of New York, Habib American Bank, HSBC Bank USA, N.A., Intesa Sanpaolo S.p.A., JP Morgan Chase & Co. (for JPMorgan Chase Bank, N.A.), PNC Bank, N.A., RBS Citizens, N.A., Societe Generale, Standard Chartered Bank, State Bank of India, The Royal Bank of Scotland N.V., Wells Fargo Bank, N.A. (collectively, the "Stipulating Respondent Banks;" each, a "Stipulating Respondent Bank"); and

WHEREAS, the assets sought by Petitioners are currently held in accounts at the Stipulating Respondent Banks and have been blocked pursuant to the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Sudanese Sanctions Regulations, codified at 31 C.F.R. Part 538; and

WHEREAS, the Petitioners have agreed at this time to limit this proceeding to those blocked accounts that individually have a value of $10,000 or more, as shown in reports filed by the Stipulating Respondent Banks with the Office of Foreign Assets Control in June 2013 (the "Blocked Assets"), without prejudice to the Petitioners' right to seek accounts of lesser value if the Judgment remains unsatisfied following the conclusion of judgment enforcement proceedings with respect to all Phase I and Phase II Blocked Assets as defined below, in which case all

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 3 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 3 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 5 of 16

defenses and claims of any nature will be preserved for Stipulating Respondent Banks in possession of such accounts; and

WHEREAS, the parties wish to establish a procedure, consistent with due process, for notifying and/or joining third parties who may claim an interest in the Blocked Assets, in order to ensure that the Stipulating Respondent Banks may be discharged from any further liability to such parties with respect to any Blocked Assets that may ultimately be turned over to Petitioners in satisfaction of the Judgment; and

WHEREAS, the Blocked Assets include accounts established to hold the proceeds of blocked electronic funds transfers ("EFTs"), potentially including (i) accounts worth $10,000 or more that were established to hold the proceeds of EFTs for which the Republic of Sudan, or one of its agencies and instrumentalities, may be an originator or an originating bank ("Phase I Blocked Assets"), and (ii) accounts worth $10,000 or more that were established to hold the proceeds of EFTs for which the Republic of Sudan, or one of its agencies or instrumentalities, may be a beneficiary or a beneficiary's bank ( "Phase II Blocked Assets");

WHEREAS, the parties have agreed to phase this action such that (i) further proceedings and with respect to Phase I Blocked Assets commence immediately, and (ii) further proceedings with respect to Phase II Blocked Assets are stayed pending the conclusion of proceedings with respect to Phase I Blocked Assets and/or a ruling by the United States Court of Appeals for the Second Circuit in two pending appeals: *Hausler v. JPMorgan Chase Bank, N.A.*, Nos. 12-1264(l) and 12-1277 (2d Cir.) and *Calderon Cardona v. JPMorgan Chase Bank, N.A.*, 12-75(L) (2d Cir.); and

WHEREAS, the parties have further agreed that, in the event that proceedings with respect to Phase I Blocked Assets have concluded before the Second Circuit rules in the pending

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 4 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 4 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 6 of 16

appeals, they reserve their rights with respect to whether proceedings with respect to Phase II Blocked Assets should commence or remain stayed pending the Second Circuit's resolution of the appeals;

NOW THEREFORE, the Court hereby ORDERS:

1. As soon as reasonably practicable, and in no event later than 20 days from the date of this Order, each Stipulating Respondent Bank shall provide a list of Blocked Assets in its possession to Petitioners, with information sufficient to show, to the extent available from such Respondent Bank's records, the originator ("Originator"), originating bank ("Originator's Bank"), beneficiary bank ("Beneficiary Bank"), and beneficiary ("Beneficiary") of each Blocked Asset.

2. As soon as reasonably practicable and in no event later than 23 days from the date of this Order, Petitioners shall provide to each Stipulating Respondent Bank a list of any Blocked Assets identified pursuant to paragraph 1 that are held by such Stipulating Respondent Bank and believed in good faith by Petitioners to constitute a Phase I Blocked Asset. If they have not done so already, Petitioners and Respondents shall thereafter meet and confer in good faith within the next five business days to discuss any differences they may have as to whether particular accounts constitute Phase I Blocked Assets.

3. Within 35 days of the date of this Order, Petitioners shall file a First Amended Omnibus Petition for Turnover Order (the "First Amended Omnibus Petition") specifying on separate schedules to be filed under seal the Blocked Assets held by each respective Stipulating Respondent Bank as to which Petitioners allege that they are entitled to seek turnover. As to each Stipulating Respondent Bank, Petitioners will file two schedules under seal: one schedule shall identify Phase I Blocked Assets (if any), and a second schedule shall identify Phase II

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 5 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 5 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 7 of 16

Blocked Assets (if any). In light of the anticipated filing of a First Amended Omnibus Petition, the Stipulating Respondent Banks shall have no obligation to answer, move, or otherwise respond to the Petition, and their respective rights and defenses, of any kind, are preserved. However, each Stipulating Respondent Bank shall file a response to the First Amended Petition within 21 days after such petition is filed.

## NOTICE

4. Within 30 days after the filing of the First Amended Omnibus Petition (the "Notice Deadline"), in respect of each Phase I Blocked Asset held by a Respondent Bank as to which that Stipulating Respondent Bank elects to serve notice on potential adverse claimants pursuant to this order, the Stipulating Respondent Bank shall deliver the "Notice Documents" (as described below) to the Originator, the Originator's Bank, and any preceding intermediary bank (each, a "Sending Bank"), to the extent that such Stipulating Respondent Bank has contact information for such Originator, Originator's Bank, or Sending Bank.

5. The "Notice Documents" are:

   a. the First Amended Omnibus Petition (without the schedules filed under seal) and a Notice of Proceeding in the form attached hereto.

   b. information identifying the Blocked Asset or Assets applicable to each third party, including (to the extent known to the Stipulating Respondent Bank): (i) the date of the wire transfer; (ii) the dollar amount of the wire transfer; and (iii) the names of all parties to the wire transfer, including the Originator, the Originator's Bank, any Sending Bank, the Beneficiary Bank, and the Beneficiary;

   c. this Order; and

   d. to the extent the Notice Documents are sent to a person or entity in the Republic of Sudan or a country where the official language is Arabic, Arabic translations of the above documents. To facilitate the service of the Notice Documents, Petitioners shall provide the Stipulating Respondent Banks with certified Arabic translations of the First Amended Omnibus Petition, the form of Notice of Proceeding, and this Order within 20 days after the filing of the First Amended Omnibus Petition.

5

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 6 of 14
Case 1:13-cv-03127-PKC Document 120-4 Filed 05/19/14 Page 6 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 8 of 16

6. The Notice Documents may be sent to each Originator, each Originator's Bank, and each Sending Bank, or other potential claimant, using any one or more of the following methods, at the discretion of the respective Stipulating Respondent Bank:

    a. By U.S. Registered Mail, with no return receipt required, to such entity or person at its last known address, as determined by the Stipulating Respondent Bank giving the notice from its own records, or from public sources, such as the internet. If the Registered mailing is not accepted and is returned to the sender, delivery by first class U.S. Mail shall be made; or

    b. By sending an e-mail to such entity or person that states:

    "IMPORTANT! This e-mail is being sent to put you on notice of a lawsuit pending in the United States District Court for the Southern District of New York that could result in the seizure and forfeiture of funds in which you may have an interest. These funds include the balances held in one or more blocked accounts that may include the proceeds of one or more electronic funds transfers that were interrupted and blocked pursuant to the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Sudanese Sanctions Regulations, codified at 31 C.F.R. Part 538. Please open the attachments, which are in pdf form, immediately. They will provide more detailed information about the lawsuit and your potential exposure to loss in that lawsuit."

    to the last known e-mail address of such entity, as determined by the Respondent Bank giving the notice from its own records or public sources such as internet web sites, and attaching pdf versions of the Notice Documents to the e-mail (if the e-mail is being sent to a business entity, the e-mail should be directed to the e-mail address of the Chief Executive Officer, Managing Director or Chief Legal Officer, if known or it should state, following the word "IMPORTANT," "Deliver this e-mail and the attachments to your Chief Executive Officer, Managing Director or Chief Legal Officer at once"); or

    c. By faxing copies of the Notice Documents to such entity at its last known fax number, as determined by the Stipulating Respondent Bank giving the notice from its own records or public sources such as the internet (if the fax is being sent to a business entity, the fax cover sheet should be addressed to the Chief Executive Officer, Managing Director or Chief Legal Officer of the entity); or

    d. If the person being served or given notice is a bank, by sending the following text to the bank in one or more of a series of linked SWIFT messages:

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 7 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 7 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 9 of 16

"URGENT URGENT URGENT URGENT Deliver this message to your Chief Executive Officer, Managing Director or Chief Legal Officer at once. This message is being sent to put you on notice of a lawsuit pending in the United States District Court for the Southern District of New York that could result in the seizure and forfeiture of funds in which you or one of your customers may have an interest. These funds may include the balances held in one or more bank accounts that were blocked pursuant to Sanctions Regulations of the United States or the proceeds of one or more transfers that were interrupted and blocked pursuant to those Regulations. What follows is the text of important legal documents that explain the nature of this lawsuit and what you must do to protect your rights, if any, in the funds at issue in the lawsuit. This is number 1 of_ SWIFT messages incorporating this message and the text of those documents. Please contact [contact information to be supplied]. That person can provide you with additional important legal documents relating to the lawsuit."

followed by the text in English of the Notice Documents that are being served or delivered (except that the captions of such documents may be abbreviated to show only the name of the first party on either side); or

e. By sending copies of the Notice Documents to such entity or person at its last known address, as determined by the Stipulating Respondent Bank giving the notice from its own records, or from public sources, such as the internet, either by U.S. International Express Mail, U.S. Global Priority Mail, or by an express delivery company such as FedEx, UPS or DHL that makes deliveries in the country to which the documents are being sent and will provide proof of delivery, directed to the attention of the Managing Director, Chief Executive Officer or Chief Legal Officer of that entity if it is a business entity, which delivery shall be at the Respondent Bank's expense; or

f. If none of the previous methods are available, by serving the Notice Documents in any other manner ordered by the Court.

7. If a Stipulating Respondent Bank making service does not know the mail address, e-mail address, fax number or SWIFT address for an Originator, Originator's Bank, Sending Bank, or any other person to whom it has elected to give notice (hereinafter a "No-Address Person"), that Stipulating Respondent Bank shall send the Notice Documents to any bank that it has reason to believe acted as the Originator's Bank, Sending Bank, or bank for that No-Address Person, or to any person that it has reason to believe may be in contact with that No-Address

7

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 8 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 8 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 10 of 16

Person in order to request that such bank or person forward a copy of the relevant Notice Documents to its customer or such No-Address Person, and such service/notice shall constitute the best form of notice that can be provided to such No-Address Person under the circumstances.

8. All Originators, Originator's Banks, Sending Banks and any other potential third-party claimants to whom notice has been delivered as provided above shall have until 60 days after the Notice Deadline or 90 days after the filing of the First Amended Omnibus Petition, with the specific date to be set forth in the Notice of Proceeding, to file with the Court written objections asserting any interest they may have in the Blocked Assets. As delineated in the Notice of Proceeding, objections must be sent by mail to Office of the Clerk for the United States District Court for the Southern District of New York. Copies of the objections may also be sent via e-mail to (a) an e-mail address for counsel for the Stipulating Respondent Bank; and (b) an e-mail address for the judgment creditors. Within 75 days after the Notice Deadline, counsel for each Stipulating Respondent Bank shall provide the Court with copies of all objections and responses received by such Stipulating Respondent Bank.

## INTERPLEADER

9. In lieu of the notice procedure outlined above, any Stipulating Respondent Bank may file an interpleader petition ("Interpleader Petition") in respect of any Phase I Blocked Asset with a value greater than or equal to $59,500 at the time of blocking (or, if the value at the time of blocking is unavailable, the value as of June 28, 2013).[1] The Stipulating Respondent Banks choosing to file Interpleader Petitions with regard to any Phase I Blocked Assets shall file said petitions within 45 days of the date of the filing of the First Amended Omnibus Petition.

---

[1] Respondent Credit Suisse Securities (USA) LLC may file an Interpleader Petition in respect of any Phase I Blocked Asset with a value greater than or equal to $40,000 as of June 28, 2013.

8

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 9 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/15/14 Page 9 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 11 of 16

10. The Stipulating Respondent Banks shall initiate service on third-party respondents to the Interpleader Petitions no later than 14 days after the filing of such petitions.

11. Service of any Interpleader Petition and any related summons or ancillary document (collectively, the "Interpleader Documents") shall be accomplished as follows:

   a. The Interpleader Documents shall be served on the interpleader respondents using any method provided by Rule 4(f) of the Federal Rules of Civil Procedure and Section 1608(b)(3) of the FSIA. As to any interpleader respondent residing or with a principal place of business in a country that is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, service may be effected by sending copies of the Interpleader Documents to such person or entity at his, her or its last known address, as determined by the relevant Stipulating Respondent Bank from its own records or from public sources such as the internet, either (i) by U.S. International Express Mail or U.S. Global Priority Mail, or (ii) by an express delivery company such as FedEx, UPS or DHL that makes deliveries in the country to which the documents are being sent and will provide proof of delivery. If the Interpleader Documents are sent to a business entity, they should be directed to the attention of the Managing Director, Chief Executive Officer or Chief Legal Officer of that entity.

   b. To the extent the Interpleader Documents are being served on an entity alleged to be an agency or instrumentality of the Republic of Sudan, whether located in the Republic of Sudan (the "Republic") or elsewhere, the Summons and Interpleader Petition shall be translated into the Arabic language and otherwise served in compliance with Section 1608(b)(3) of the FSIA.

   c. To the extent that service of the Interpleader Documents on any party or parties has not been completed within four months after the initiation of service, service shall be accomplished promptly by means of any method of service described in paragraphs 6(b), 6(c), or 6(e).

   d. If service of the Interpleader Documents has not been completed within six months of initiation of service, Petitioners may move for default judgment in respect of any third-party respondent as to which service has not been completed.

## MISCELLANEOUS

12. The Stipulating Respondent Banks shall file declarations of notice or service promptly following the completion of such notice or service.

9

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 10 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 10 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 12 of 16

13. Each Stipulating Respondent Bank that has complied with either the notice or interpleader provisions of this Order shall be entitled to a judgment of discharge pursuant Rule 54(b) of the Federal Rules of Civil Procedure from any further liability in respect of all amounts subject to orders of turnover and turned over to or for the account of Petitioners pursuant to Section 201(a) of TRIA or Section 1610(g) of the FSIA.

14. The Protective Agreement and Order approved by this Court is hereby modified and amended to the extent necessary for the translation of documents and the service of documents and information as authorized in this Order.

15. To the extent that a Stipulating Respondent Bank serves Notice Documents or Interpleader Documents in accordance with the provisions of this Order, it shall be deemed to satisfy all of the requirements for service under the FSIA, the Federal Rules of Civil Procedure and the New York Civil Practice Law and Rules, and all of the requirements of due process of law.

## REIMBURSEMENT

16. Petitioners will reimburse the Stipulating Respondent Banks for the cost of delivery of the Notice Documents and the cost of any translations of the Notice of Proceeding, which shall be paid within 30 days upon presentation of invoices to Petitioners' counsel but not earlier than the turnover of any Phase I funds for which no objections have been filed for that particular Stipulating Respondent Bank.

17. The Stipulating Respondent Banks and the Petitioners will attempt to reach agreement on the amount of the Stipulating Respondent Banks' reasonable attorneys' fees and expenses to be reimbursed to the Banks, if any. If no agreement among the parties has been reached, each Stipulating Respondent Bank shall be entitled to apply for an award of its

Case 1:13-cv-03127-PKC   Document 203-4   Filed 08/04/14   Page 11 of 14
Case 1:13-cv-03127-PKC   Document 120   Filed 05/19/14   Page 11 of 14
Case 1:13-cv-03127-PKC   Document 118   Filed 05/14/14   Page 13 of 16

reasonable fees and expenses incurred in complying with this Order, including, without limitation, its reasonable attorneys' fees and, to the extent not covered under paragraph 16, any translation or service expenses. Petitioners reserve the right to object to any application for an award of a Stipulating Respondent Bank's fees and expenses.

18. At such time as the Court orders the proceeds of any Phase I Blocked Assets to be turned over to the United States Marshal for distribution to Petitioners pursuant to Section 201(a) of TRIA or Section 1610(g) of the FSIA, to the extent the Stipulating Respondent Banks and the Petitioners have reached an agreement on the amount of the Stipulating Respondent Banks' reasonable attorneys' fees and expenses, the Court shall make an award to the Stipulating Respondent Banks of their agreed-upon fees and expenses out of the Phase I Blocked Assets proceeds being turned over. If there is no agreement, the aggregate amount claimed pursuant to such application shall be deducted from the aggregate Phase I Blocked Assets proceeds being turned over to the United States Marshal and held in an attorney's escrow account opened in the name of counsel for Petitioners until after a ruling on the fee applications has been issued. After the Court has rendered its decision in respect of the Stipulating Respondent Banks' fee applications, the escrowed funds shall be distributed to the Stipulating Respondent Banks, or to the United States Marshal for further distribution to the Petitioners, in accordance with the terms of the Court order embodying that decision.

Dated: New York, New York
  May /5, 2014

SO ORDERED:

_____
Hon. Kevin P. Castel
United States District Judge

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 12 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 12 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 14 of 16

## NOTICE OF PROCEEDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

### NOTICE TO [NAME]

### HARRISON ET AL. V. REPUBLIC OF SUDAN, NO. 13 CIV. 03127(KC)

This notice is being sent to advise you of the lawsuit listed above, which is pending in the United States District Court for the Southern District Of New York. In the lawsuit, a group of judgment creditor Petitioners (the "Petitioners") have asked the Court to order certain Respondent banks (the "Respondent Banks") to turn over funds, including funds in which you may have an interest, to Petitioners, in order to satisfy a judgment the Petitioners obtained against the Republic of Sudan for acts of terrorism (the "Judgment"). The Court has ordered that you be given notice before these funds are turned over to the Petitioners, who claim that they are entitled, pursuant to section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337, codified at 28 U.S.C. § 1610, to enforce the Judgment by obtaining a court order directing turnover of certain blocked assets (the "Blocked Assets") held at the Respondent Banks. The Blocked Assets consist of deposit accounts and/or accounts containing the proceeds of electronic funds transfers that are held various Respondent Banks, including the bank sending this notice, and were blocked pursuant to the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Sudanese Sanctions Regulations, codified at 31 C.F.R. Part 538 and administered by the Office of Foreign Assets Control of the U.S. Department of Treasury ("OFAC"). The specific Blocked Assets in which you may have an interest are identified on the attached list. Petitioners contend that the Blocked Assets are the property of Sudan and/or its agencies and instrumentalities and have asked the Court to turn the Blocked Assets over to them to pay the Judgment.

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 13 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 15 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 15 of 16

The Court has ordered that any person or entity claiming to be the owner of, or to have an interest in, any of the Blocked Assets must submit written objections, specifying the factual basis of their claims to the funds, <u>by no later than [Notice Deadline]</u>. If you do not submit a written objection by such date, the Court may (1) determine that you have defaulted and lost any right you may have to assert a claim to the funds, (2) order that such funds be turned over to the Petitioners to satisfy the Judgment and (3) discharge the Respondent Banks from any liability to you in respect of such funds. Please note that, even if you successfully object to the turnover of any Blocked Assets to the Petitioners, those Blocked Assets will not be returned to you but will continue to be blocked pursuant to U.S. federal regulations. Any attempt by you to take possession of funds in which you may have an interest must take place in a separate proceeding pursuant to U.S. federal regulations.

Objections must be sent by mail to Office of the Clerk for the United States District Court for the Southern District of New York at the following address:

Clerk of the Court
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007
Docket No. 13 CV 03127 (KC)

Copies of the objection may also be sent by e-mail to both of the following e-mail addresses:

- E-MAIL ADDRESS FOR COUNSEL FOR THE RESPONDENT BANK: [ ], AND

- E-MAIL ADDRESS FOR THE JUDGMENT CREDITORS: andyhall@hlhlawfirm.com

All objections must be in writing and must specify the accounts that you claim to have an interest in, set forth the factual basis for your claim, and be signed by you, an officer of your organization, or your attorney.

Case 1:13-cv-03127-PKC Document 203-4 Filed 08/04/14 Page 14 of 14
Case 1:13-cv-03127-PKC Document 120 Filed 05/19/14 Page 14 of 14
Case 1:13-cv-03127-PKC Document 118 Filed 05/14/14 Page 16 of 16

It is strongly recommended that you consult with an attorney and obtain legal advice as to what action you should take. Whatever you decide to do, it is important that you act promptly. If you do not submit written objections or make a motion to intervene by [Notice Deadline], the Court may determine that you have defaulted and lost your right to assert a claim to the Blocked Assets. In that event, the Court could also turn over such funds to the Petitioner to satisfy the judgment and enter an order releasing and discharging the banks from any obligations they may have to hold the funds in those accounts for you or to pay those funds to you.

If you file timely objections, the Court may hold a hearing to determine whether you have a valid claim. You will be notified of the date of the hearing.

This is only a summary. Enclosed with this Notice are copies of the Petition and related documents filed by the judgment creditors to commence this lawsuit, and the order of the Court establishing the procedures for determining the rights of interested parties. The Petition lists all of the wire transfer proceeds at issue, but that information is not public. You are being provided information only as to wire transfer proceeds in which you may have an interest according to bank records and applicable law.

This Notice and the proceedings described in the Notice have been approved by the United States District Court for the Southern District of New York.

Dated: New York, New York
      [Date]