UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

RICK HARRISON, ET AL.,

        Plaintiffs,

  -against-

REPUBLIC OF SUDAN,

        Defendant,
───────────────────────────────────────────

RICK HARRISON, ET AL.,

        Petitioners,

  -against-

AMERICAN EXPRESS TRAVEL RELATED SERVICES, CO.; BANCO DO BRASIL, S.A. BANK OF AMERICA; BANK OF BARODA, NEW YORK BRANCH; BANK OF CHINA, NEW YORK BRANCH; BANK OF NEW YORK MELLON; BANK OF TOKYO – MITSUBISHI UFJ TRUST COMPANY; BARCLAYS BANK PLC; CITIGROUP INC.; COMMERZBANK AG CREDIT AGRICOLE CORPORATE & INVESTMENT BANK; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCH BANK AG NEW YORK; DEUTSCHE BANK TRUST CO. AMERICAS; DOHA BANK; FEDERAL RESERVE BANK OF NEW YORK; HABIB AMERICAN BANK; HSBC BANK, USA, N.A.; INTERAUDI BANK; INTESA SANPAOLO S.P.A.; JP MORGAN CHASE & CO.; PNC BANK, N.A.; RBS CITIZENS, N.A.; SOCIETE GENERALE; STANDARD CHARTERED BANK; STATE BANK OF INDIA; SUMITOMO MITSUI BANKING CORP.; THE ROYAL BANK OF

Case No. 1:13-cv-03127 (PKC)

THIRD-PARTY PETITION OF RESPONDENT JPMORGAN CHASE BANK, N.A. FOR INTERPLEADER AND OTHER RELIEF

SCOTLAND N.V.; UNITED BANK
LIMITED; WELLS FARGO BANK, N.A.,

        Respondents/Garnishees.
_____

JPMORGAN CHASE BANK, N.A.,

        Third-Party Petitioner,

  -against-

RICK HARRISON, ET AL.,

        Counterclaim Respondents,

  -and-

CENTRAL BANK OF SUDAN, THE NATIONAL
COMMERCIAL BANK and ALRAJHI BANK,

        Third-Party Respondents.
_____

      Respondent and third-party petitioner JPMorgan Chase Bank, N.A ("JPMCB"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, for its third-party petition filed in response to Petitioners' Amended Omnibus Petition for Turnover Order filed June 19, 2014 (the "Petition"), alleges as follows:

## NATURE OF THIS PROCEEDING

      1.      JPMCB has filed this third-party petition pursuant to Fed. R. Civ. P. 22, Sections 1335 and 2361 of Title 28, United States Code, Section 134 of the New York Banking Law, and New York Civil Practice Law and Rules ("CPLR") §§ 1006 and 5239 for a judicial determination of the rights, if any, of Petitioners, the persons and entities named as third-party respondents, and any other persons or entities to the funds in various blocked accounts that are the subject of the Petition as it relates to JPMCB. The blocked accounts, identified in the

annexed Exhibit A and referred to here as the "Blocked Assets," are being held by JPMCB as required by regulations, 31 C.F.R. Part 538, promulgated by the Office of Foreign Assets Control of the United State Treasury Department ("OFAC"), that apply to the Republic of Sudan ("Sudan") and its "agencies or instrumentalities" within the meaning of 28 U.S.C. § 1603(b). The Petition (a copy of which, without exhibits, is annexed as Exhibit B) seeks an order under CPLR §§ 5225(b) and 5227 directing JPMCB, among other garnishee banks, to turn over the Blocked Assets to Petitioners to help satisfy their judgment against Sudan.[1]

2.     Petitioners, however, are not the only ones who may have valid claims or rights to the Blocked Assets. Another group of persons and entities that may also have claims or rights to the Blocked Assets consists of the parties, named here as third-party respondents, to the wire transfers whose blocks gave rise to the Blocked Assets. JPMCB has accordingly filed counterclaims against Petitioners, and third-party claims against the third-party respondents, to bring all of those persons and entities before the Court and give them the chance to assert any claims they may have to the Blocked Assets. The Court can then determine whether the Blocked Assets, or any part of them, should be turned over to Petitioners or one or more of the third-party respondents, or whether the funds should be dealt with in some other way.

3.     This third-party proceeding is in all likelihood the only chance that the third-party respondents will ever have to assert a claim or right to the Blocked Assets. Unless they appear in this proceeding by filing an answer within the specified time that asserts their claims or rights to the Blocked Assets, any such claims or rights will be extinguished, and the funds at issue may be turned over to Petitioners to the extent Petitioners establish that they are entitled to them. As part

---

[1]     Because the blocked wire transfers underlying the Blocked Assets contain confidential information, Exhibit A will be filed publicly in redacted form, and the unredacted version will be filed under seal. Each third-party respondent, however, is being served with a partially redacted version of Exhibit A that leaves unredacted a description of the particular wire transfer to which that respondent was a party.

of any judgment directing the turnover, to Petitioners or anyone else, of the funds in some or all of the Blocked Assets, JPMCB seeks a discharge, binding on all parties to this third-party proceeding and all other persons and entities, protecting it against any future liability as to the Blocked Assets that will have been turned over.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over the counterclaims and third-party claims asserted herein (i) pursuant to 28 U.S.C. § 1331, because these claims arise under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"); (ii) pursuant to 12 U.S.C. § 632, because at least one of the third-party respondents is, upon information and belief, a corporation organized under the laws of the United States, and this proceeding arises out of transactions involving international or foreign banking or other international or foreign financial operations; (iii) pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to Petitioners' turnover proceeding, which itself is within the Court's original jurisdiction, that they form part of the same case or controversy; (iv) pursuant to 28 U.S.C. § 1335, because the third-party claims are in the nature of interpleader, JPMCB has in its custody or possession property of the value or amount exceeding the jurisdictional threshold, and two or more adverse claimants named as third-party respondents are, upon information and belief, of adverse citizenship; and (v) pursuant to 28 U.S.C. § 1330 as to third-party respondents that are a foreign state, or a subdivision thereof, based on service upon such third-party respondents under FSIA § 1608.

5.  Upon information and belief, venue of the counterclaims and third-party claims asserted in this third-party petition is properly set in this judicial district under 28 U.S.C. § 1391

because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Blocked Assets are located here.

## THE PARTIES

A.   The Counterclaim/Third-Party Petitioner

6.   Respondent and counterclaim/third-party petitioner JPMorgan Chase Bank, N.A. (referred to above and hereafter as "JPMCB") is a national banking association organized and existing under the laws of the United States of America, with its main office (as set forth in its Articles of Association) in the State of Ohio.  JPMCB has offices and branches in the County and State of New York.

B.   The Counterclaim Respondents

7.   Petitioners/counterclaim respondents are Rick Harrison, John Buckley, Margaret Lopez, Keith Lorensen, Edward Love, David Morales, Robert McTureous, Gina Morris, Rubin Smith, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate, Andrew Lopez, Lisa Lorensen, and Shelly Songer (referred to collectively, above and hereafter, as "Petitioners").  Upon information and belief, Petitioners are judgment creditors of Sudan.

C.   The Third-Party Respondents

8.   Upon information and belief, third-party respondent Central Bank of Sudan is a bank organized and existing under the laws of Sudan, with its principal place of business in Khartoum, Sudan.

9.   Upon information and belief, third-party respondent The National Commercial Bank is a bank organized and existing under the laws of the Kingdom of Saudi Arabia ("Saudi Arabia"), with its principal place of business in Jeddah, Saudi Arabia.

10. Upon information and belief, third-party respondent Alrajhi Bank is a bank organized and existing under the laws of Saudi Arabia, with its principal place of business in Riyadh, Saudi Arabia.

## FACTS COMMON TO ALL
## COUNTERCLAIMS AND THIRD-PARTY CLAIMS

A.   Petitioners' Claims to the Blocked Assets

11. As alleged in the Petition, on March 30, 2012, Petitioners recovered a judgment in the amount of $314,705,896 against Sudan (referred to at times as the "Judgment") in an action in the United States District Court for the District of Columbia. The Judgment was entered under the terrorism exception, 28 U.S.C. § 1605A, to the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), and was registered in the related action entitled Harrison et al. v. Republic of Sudan, No. 1:12-mc-00328-P1. According to the Petition, the Judgment is for an Al Queda terrorist attack on October 15, 2000 in which fifteen American sailors were permanently injured onboard the U.S.S. Cole in Yemen. Sudan is said to have made the attack possible by providing Al Queda with material support and assistance.

12. As of the time of this third-party petition, the Judgment is allegedly unsatisfied. The United States Marshal has effected service of writs of execution on JPMCB, under § 201 of TRIA, as part of Petitioners' efforts to enforce the Judgment.

13. On June 19, 2014, Petitioners filed their Petition pursuant to § 201 of TRIA, § 1610(g) of the FSIA, and CPLR § 5225(b) seeking an order directing JPMCB and various other respondent banks to turn over to Petitioners, in partial satisfaction of the Judgment, certain funds held by the banks, including the Blocked Assets. The Blocked Assets, and the relevant blocked funds at other respondent banks, are being held in blocked accounts as required by

OFAC Regulations applicable to Sudan, 31 C.F.R. Part 528, or by applicable Presidential Executive Orders.

B.  The Wire Transfer Respondents'
    Possible Claims to the Blocked Assets

14. The third-party respondents are persons or entities who were identified as originators, beneficiaries, intermediary banks or other participating banks in the wire instructions received by JPMCB as to the blocked wire transfers whose proceeds make up the Blocked Assets.

15. Upon information and belief, those of the third-party respondents that, as to any one blocked wire transfer, were either the originator, the originator's bank, or an intermediary bank that preceded JPMCB in the wire transfer chain may have interests in or rights to some or all of the Blocked Assets that are superior to those of Petitioners.  Under applicable law as it exists at the time of this third-party petition, those of the third-party respondents that were a beneficiary, beneficiary's bank, or intermediary bank that followed JPMCB in a given wire transfer chain have no legally recognized right to the Blocked Assets, whether it be superior or subordinate to the rights of any other party.  But JPMCB is nonetheless including them as third-party respondents to protect against any claim, however deficient, that any one or more of them could in the future assert as to one or more of the Blocked Assets.

16. Upon information and belief, some of the third-party respondents may have a sufficient interest in the Blocked Assets such that they may be able to establish that those assets are not subject to execution to help satisfy Petitioners' judgments against Sudan.

17. Due to the present uncertainty as to the actual or prospective interests in the Blocked Assets that have been asserted by Petitioners and may be asserted by the third-party respondents, JPMCB is faced with the prospect of multiple claims to some or all of the Blocked

Assets. Under these circumstances, JPMCB has legitimate concerns that it may be exposed to double or multiple liability, vexatious and burdensome litigation in different courts and proceedings, and the attendant risk of inconsistent rulings.

FIRST COUNTERCLAIM AND
FIRST THIRD-PARTY CLAIM FOR RELIEF

18. JPMCB repeats and realleges the allegations in paragraphs 1 through 17 above as if they were set forth here in full.[2]

19. CPLR § 5239 provides that "[p]rior to the application of property or debt . . . to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

20. JPMCB is accordingly entitled to an order determining the rights of Petitioners and the third-party respondents to the Blocked Assets.

SECOND COUNTERCLAIM AND
SECOND THIRD-PARTY CLAIM FOR RELIEF

21. JPMCB repeats and realleges the allegations in paragraphs 1 through 20 above as if they were set forth here in full.

22. Although Petitioners assert that they are entitled to the turnover of the Blocked Assets to satisfy the Judgment, some of the third-party respondents may have claims to or rights in some or all of the Blocked Assets that may take priority over those of Petitioners. As a result, JPMCB is exposed to the risk of multiple and inconsistent liability as to the Blocked Assets.

---

[2] The counterclaims asserted against Petitioners in this third-party petition are substantively identical to those asserted against Petitioners in JPMCB's answer to the Petition, which was filed with the Court on July 10, 2014. JPMCB repeats the counterclaims here for the sake of having all of its claims contained in a single pleading.

8

23.     JPMCB is accordingly entitled to interplead all other parties who may have claims to or rights in the Blocked Assets and obtain a determination by the Court, pursuant to Fed. R. Civ. P. 22, 28 U.S.C. §§ 1335 and 2361, New York Banking Law § 134 and CPLR § 1006, of the rights of all interested parties with respect to those assets.

THIRD COUNTERCLAIM AND
THIRD THIRD-PARTY CLAIM FOR RELIEF

24.     JPMCB repeats and realleges the allegations in paragraphs 1 through 23 above as if they were set forth here in full.

25.     If and when the Court directs it to turn over, to Petitioners or anyone else, some or all of the Blocked Assets, JPMCB will be entitled to a discharge protecting it against any future claim, by any person or entity, to the Blocked Assets that will have been turned over.

26.     JPMCB is also entitled to preliminary and permanent injunctive relief (i) restraining and enjoining Petitioners, the third-party respondents, and all other persons and entities from instituting or prosecuting any other proceeding, in any state or federal court or any other jurisdiction or forum, that relates to or affects the Blocked Assets; (ii) requiring all of those persons and entities to assert their claims to the Blocked Assets in this proceeding; and (iii) restraining and enjoining them from instituting or prosecuting any proceeding, in any jurisdiction, as to any of the Blocked Assets that JPMCB is ordered to turn over to Petitioners, to any other judgment creditor of Sudan, or to anyone else.

FOURTH COUNTERCLAIM AND
FOURTH THIRD-PARTY CLAIM FOR RELIEF

27.     JPMCB repeats and realleges the allegations in paragraphs 1 through 26 above as if they were set forth here in full.

28.     JPMCB is entitled to a judgment awarding it its costs and reasonable attorneys' fees incurred in defending against Petitioners' judgment enforcement efforts, including its commencement and prosecution of this third-party proceeding.  Any such costs and attorneys' fees are to be awarded out of the funds in the Blocked Assets that may be turned over, to Petitioners or anyone else, under any judgment entered in this action.

WHEREFORE JPMCB requests the entry of a judgment as follows:

a.     Dismissing the Petition in its entirety as against JPMCB;

b.     Determining the rights, if any, of Petitioners, the third-party respondents, and any other persons or entities to the Blocked Assets;

c.     Determining whether any of the third-party respondents are agencies or instrumentalities of Sudan;

d.     As to each of the Blocked Assets, determining whether Petitioners have met their burden of proof with respect to the other requirements and conditions set forth in TRIA § 201 or FSIA § 1610(g) for execution against such assets;

e.     Determining that service of this third-party petition, the third-party summons, and other relevant documents upon the third-party respondents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

f.     Determining that this Court has subject matter jurisdiction, personal jurisdiction and in rem jurisdiction over the third-party respondents and the Blocked Assets to the extent necessary to determine the parties' respective rights with respect to those assets;

g.     Determining whether JPMCB is a proper garnishee and has properly been subjected to execution of any judgment against Sudan, and in favor of Petitioners, with respect to any of the Blocked Assets;

  h. Determining the extent to which, if at all, each of the Blocked Assets is subject to execution to satisfy Petitioners' respective judgments against Sudan, and the extent to which, if at all, Petitioners or any other persons or entities are entitled to the turnover of some or more of those assets;

  i. Discharging JPMCB from any and all liability to Petitioners, the third-party respondents, and any other persons and entities with respect to any of the Blocked Assets that are ordered to be turned over to any of one or more of those parties;

  j. Permanently restraining and enjoining Petitioners, the third-party respondents, and all other persons and entities from instituting or prosecuting any proceeding, in any jurisdiction, as to any Blocked Assets that JPMCB is ordered to turn over to any parties;

  k. Awarding JPMCB its costs and expenses, including reasonable attorneys' fees, incurred in connection with this third-party proceeding; and

  l. Awarding JPMCB such other and further relief as may be just and proper.

Dated: New York, New York
    August 4, 2014

LEVI LUBARSKY & FEIGENBAUM LLP

By: ___/s/ Steven B. Feigenbaum___ *by GPF*
  Steven B. Feigenbaum
  Gregory P. Feit
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
(212) 308-6100
*Attorneys for Respondent/Third-Party Petitioner
JPMorgan Chase Bank, N.A.*

11