UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

RICK HARRISON, ET AL.,

        Plaintiffs,

  -against-

REPUBLIC OF SUDAN,

        Defendant,
───────────────────────────────────────────────

RICK HARRISON, ET AL.,

        Petitioners,

  -against-

AMERICAN EXPRESS TRAVEL RELATED SERVICES, CO.; BANCO DO BRASIL, S.A. BANK OF AMERICA; BANK OF BARODA, NEW YORK BRANCH; BANK OF CHINA, NEW YORK BRANCH; BANK OF NEW YORK MELLON; BANK OF TOKYO – MITSUBISHI UFJ TRUST COMPANY; BARCLAYS BANK PLC; CITIGROUP INC.; COMMERZBANK AG CREDIT AGRICOLE CORPORATE & INVESTMENT BANK; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCH BANK AG NEW YORK; DEUTSCHE BANK TRUST CO. AMERICAS; DOHA BANK; FEDERAL RESERVE BANK OF NEW YORK; HABIB AMERICAN BANK; HSBC BANK, USA, N.A.; INTERAUDI BANK; INTESA SANPAOLO S.P.A.; JP MORGAN CHASE & CO.; PNC BANK, N.A.; RBS CITIZENS, N.A.; SOCIETE GENERALE; STANDARD CHARTERED BANK; STATE BANK OF INDIA; SUMITOMO MITSUI BANKING CORP.; THE ROYAL BANK OF

Case No. 1:13-cv-03127 (PKC)

THIRD-PARTY PETITION OF RESPONDENT THE BANK OF NEW YORK MELLON FOR INTERPLEADER AND OTHER RELIEF

SCOTLAND N.V.; UNITED BANK
LIMITED; WELLS FARGO BANK, N.A.,

        Respondents/Garnishees.
_____

THE BANK OF NEW YORK MELLON,

        Third-Party Petitioner,

  -against-

RICK HARRISON, ET AL.,

        Counterclaim Respondents,

  -and-

IRAQI AIRWAYS COMPANY; EL NILEIN
INDUSTRIAL DEVELOPMENT BANK GROUP;
THE CAIRO AMMAN BANK; BANQUE DU
CAIRE; BYBLOS BANK EUROPE SA,
BELGIUM; KOREA EXCHANGE BANK;
CENTRAL BANK OF SUDAN; AL SHAMAL
ISLAMIC BANK; SUDANESE LIBYAN
INVESTMENT & DEVELOPMENT
COMPANY LTD.,

        Third-Party Respondents.
_____

      Respondent and third-party petitioner The Bank of New York Mellon ("BNY Mellon"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, for its third-party petition filed in response to Petitioners' Amended Omnibus Petition for Turnover Order filed June 19, 2014 (the "Petition"), alleges as follows:

NATURE OF THIS PROCEEDING

      1.     BNY Mellon has filed this third-party petition pursuant to Fed. R. Civ. P. 22, Sections 1335 and 2361 of Title 28, United States Code, Section 134 of the New York Banking

Law, and New York Civil Practice Law and Rules ("CPLR") §§ 1006 and 5239 for a judicial determination of the rights, if any, of Petitioners, the persons and entities named as third-party respondents, and any other persons or entities to the funds in various blocked accounts that are the subject of the Petition as it relates to BNY Mellon.  The blocked accounts, identified in the annexed Exhibit A and referred to here as the "Blocked Assets," are being held by BNY Mellon as required by regulations, 31 C.F.R. Part 538, promulgated by the Office of Foreign Assets Control of the United State Treasury Department ("OFAC"), that apply to the Republic of Sudan ("Sudan") and its "agencies or instrumentalities" within the meaning of 28 U.S.C. § 1603(b).  The Petition (a copy of which, without exhibits, is annexed as Exhibit B) seeks an order under CPLR §§ 5225(b) and 5227 directing BNY Mellon, among other garnishee banks, to turn over the Blocked Assets to Petitioners to help satisfy their judgment against Sudan.[1]

    2.    Petitioners, however, are not the only ones who may have valid claims or rights to the Blocked Assets.  Another group of persons and entities that may also have claims or rights to the Blocked Assets consists of the parties, named here as third-party respondents, to the wire transfers whose blocks gave rise to the Blocked Assets.  BNY Mellon has accordingly filed counterclaims against Petitioners, and third-party claims against the third-party respondents, to bring all of those persons and entities before the Court and give them the chance to assert any claims they may have to the Blocked Assets.  The Court can then determine whether the Blocked Assets, or any part of them, should be turned over to Petitioners or one or more of the third-party respondents, or whether the funds should be dealt with in some other way.

---

[1] Because the blocked wire transfers underlying the Blocked Assets contain confidential information, Exhibit A will be filed publicly in redacted form, and the unredacted version will be filed under seal.  Each third-party respondent, however, is being served with a partially redacted version of Exhibit A that leaves unredacted a description of the particular wire transfer to which that respondent was a party.

3. This third-party proceeding is in all likelihood the only chance that the third-party respondents will ever have to assert a claim or right to the Blocked Assets. Unless they appear in this proceeding by filing an answer within the specified time that asserts their claims or rights to the Blocked Assets, any such claims or rights will be extinguished, and the funds at issue may be turned over to Petitioners to the extent Petitioners establish that they are entitled to them. As part of any judgment directing the turnover, to Petitioners or anyone else, of the funds in some or all of the Blocked Assets, BNY Mellon seeks a discharge, binding on all parties to this third-party proceeding and all other persons and entities, protecting it against any future liability as to the Blocked Assets that will have been turned over.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the counterclaims and third-party claims asserted herein (i) pursuant to 28 U.S.C. § 1331, because these claims arise under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"); (ii) pursuant to 12 U.S.C. § 632, because at least one of the third-party respondents is, upon information and belief, a corporation organized under the laws of the United States, and this proceeding arises out of transactions involving international or foreign banking or other international or foreign financial operations; (iii) pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to Petitioners' turnover proceeding, which itself is within the Court's original jurisdiction, that they form part of the same case or controversy; (iv) pursuant to 28 U.S.C. § 1335, because the third-party claims are in the nature of interpleader, BNY Mellon has in its custody or possession property of the value or amount exceeding the jurisdictional threshold, and two or more adverse claimants named as

third-party respondents are, upon information and belief, of adverse citizenship; and (v) pursuant to 28 U.S.C. § 1330 as to third-party respondents that are a foreign state, or a subdivision thereof, based on service upon such third-party respondents under FSIA § 1608.

5. Upon information and belief, venue of the counterclaims and third-party claims asserted in this third-party petition is properly set in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Blocked Assets are located here.

## THE PARTIES

A.   The Counterclaim/Third-Party Petitioner

6. Respondent/third-party petitioner The Bank of New York Mellon (referred to above and hereafter as "BNY Mellon") is a New York State chartered banking institution with its principal place of business in the County and State of New York.

B.   The Counterclaim Respondents

7. Petitioners/counterclaim respondents are Rick Harrison, John Buckley, Margaret Lopez, Keith Lorensen, Edward Love, David Morales, Robert McTureous, Gina Morris, Rubin Smith, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate, Andrew Lopez, Lisa Lorensen and Shelly Songer (referred to collectively, above and hereafter, as "Petitioners"). Upon information and belief, Petitioners are judgment creditors of Sudan.

C.   The Third-Party Respondents

8. Upon information and belief, third-party respondent Iraqi Airways Company is a corporation or other legal entity organized and existing under the laws of the Republic of Iraq ("Iraq"), with its principal place of business in Baghdad, Iraq.

9. Upon information and belief, third-party respondent El Nilein Industrial Development Bank Group is a bank, corporation or other legal entity organized and existing under the laws of Sudan, with its principal place of business in Khartoum, Sudan.

10. Upon information and belief, third-party respondent The Cairo Amman Bank is a bank organized and existing under the laws of the Hashemite Kingdom of Jordan ("Jordan"), with its principal place of business in Amman, Jordan.

11. Upon information and belief, third-party respondent Banque du Caire is a bank organized and existing under the laws of the Arab Republic of Egypt ("Egypt"), with its principal place of business in Cairo, Egypt.

12. Upon information and belief, third-party respondent Byblos Bank Europe SA, Belgium is a bank organized and existing under the laws of the Kingdom of Belgium ("Belgium"), with its principal place of business in Brussels, Belgium.

13. Upon information and belief, third-party respondent Korea Exchange Bank is a bank organized and existing under the laws of the Republic of Korea ("South Korea"), with its principal place of business in Seoul, South Korea.

14. Upon information and belief, third-party respondent Central Bank of Sudan is a bank organized and existing under the laws of Sudan, with its principal place of business in Khartoum, Sudan.

15. Upon information and belief, third-party respondent Al Shamal Islamic Bank is a bank organized and existing under the laws of Sudan, with its principal place of business in Khartoum, Sudan.

16. Upon information and belief, third-party respondent Sudanese Libyan Investment & Development Company Ltd. is a corporation or other legal entity organized and existing under the laws of Sudan, with its principal place of business in Khartoum, Sudan.

## FACTS COMMON TO ALL
## COUNTERCLAIMS AND THIRD-PARTY CLAIMS

A.   Petitioners' Claims to the Blocked Assets

17. As alleged in the Petition, on March 30, 2012, Petitioners recovered a judgment in the amount of $314,705,896 against Sudan (referred to at times as the "Judgment") in an action in the United States District Court for the District of Columbia. The Judgment was entered under the terrorism exception, 28 U.S.C. § 1605A, to the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), and was registered in the related action entitled Harrison et al. v. Republic of Sudan, No. 1:12-mc-00328-P1. According to the Petition, the Judgment is for an Al Queda terrorist attack on October 15, 2000 in which fifteen American sailors were permanently injured onboard the U.S.S. Cole in Yemen. Sudan is said to have made the attack possible by providing Al Queda with material support and assistance.

18. As of the time of this third-party petition, the Judgment is allegedly unsatisfied. The United States Marshal has effected service of writs of execution on BNY Mellon, under § 201 of TRIA, as part of Petitioners' efforts to enforce the Judgment.

19. On June 19, 2014, Petitioners filed their Petition pursuant to § 201 of TRIA, § 1610(g) of the FSIA, and CPLR § 5225(b) seeking an order directing BNY Mellon and various other respondent banks to turn over to Petitioners, in partial satisfaction of the Judgment, certain funds held by the banks, including the Blocked Assets. The Blocked Assets, and the relevant blocked funds at other respondent banks, are being held in blocked accounts as required by

OFAC Regulations applicable to Sudan, 31 C.F.R. Part 528, or by applicable Presidential Executive Orders.

B.  The Wire Transfer Respondents'
    <u>Possible Claims to the Blocked Assets</u>

20.  The third-party respondents are persons or entities who were identified as originators, beneficiaries, intermediary banks or other participating banks in the wire instructions received by BNY Mellon as to the blocked wire transfers whose proceeds make up the Blocked Assets.

21.  Upon information and belief, those of the third-party respondents that, as to any one blocked wire transfer, were either the originator, the originator's bank, or an intermediary bank that preceded BNY Mellon in the wire transfer chain may have interests in or rights to some or all of the Blocked Assets that are superior to those of Petitioners.  Under applicable law as it exists at the time of this third-party petition, those of the third-party respondents that were a beneficiary, beneficiary's bank, or intermediary bank that followed BNY Mellon in a given wire transfer chain have no legally recognized right to the Blocked Assets, whether it be superior or subordinate to the rights of any other party.  But BNY Mellon is nonetheless including them as third-party respondents to protect against any claim, however deficient, that any one or more of them could in the future assert as to one or more of the Blocked Assets.

22.  Upon information and belief, some of the third-party respondents may have a sufficient interest in some or all the Blocked Assets such that they may be able to establish that those assets are not subject to execution to help satisfy Petitioners' judgment against Sudan.

23.  Due to the present uncertainty as to the actual or prospective interests in the Blocked Assets that have been asserted by Petitioners and may be asserted by the third-party respondents, BNY Mellon is faced with the prospect of multiple claims to some or all of the

8

Blocked Assets.  Under these circumstances, BNY Mellon has legitimate concerns that it may be exposed to double or multiple liability, vexatious and burdensome litigation in different courts and proceedings, and the attendant risk of inconsistent rulings.

FIRST COUNTERCLAIM AND
FIRST THIRD-PARTY CLAIM FOR RELIEF

24.     BNY Mellon repeats and realleges the allegations in paragraphs 1 through 24 above as if they were set forth here in full.[2]

25.     CPLR § 5239 provides that "[p]rior to the application of property or debt . . . to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

26.     BNY Mellon is accordingly entitled to an order determining the rights of Petitioners and the third-party respondents to the Blocked Assets.

SECOND COUNTERCLAIM AND
SECOND THIRD-PARTY CLAIM FOR RELIEF

27.     BNY Mellon repeats and realleges the allegations in paragraphs 1 through 26 above as if they were set forth here in full.

28.     Although Petitioners assert that they are entitled to the turnover of the Blocked Assets to satisfy the Judgment, some of the third-party respondents may have claims to or rights in some or all of the Blocked Assets that may take priority over those of Petitioners.  As a result, BNY Mellon is exposed to the risk of multiple and inconsistent liability as to the Blocked Assets.

---

[2]  The counterclaims asserted against Petitioners in this third-party petition are substantively identical to those asserted against Petitioners in BNY Mellon's answer to the Petition, which was filed with the Court on July 10, 2014.  BNY Mellon repeats the counterclaims here for the sake of having all of its claims contained in a single pleading.

9

29.     BNY Mellon is accordingly entitled to interplead all other parties who may have claims to or rights in the Blocked Assets and obtain a determination by the Court, pursuant to Fed. R. Civ. P. 22, 28 U.S.C. §§ 1335 and 2361, New York Banking Law § 134 and CPLR § 1006, of the rights of all interested parties with respect to those assets.

THIRD COUNTERCLAIM AND<br>THIRD THIRD-PARTY CLAIM FOR RELIEF

30.     BNY Mellon repeats and realleges the allegations in paragraphs 1 through 29 above as if they were set forth here in full.

31.     If and when the Court directs it to turn over, to Petitioners or anyone else, some or all of the Blocked Assets, BNY Mellon will be entitled to a discharge protecting it against any future claim, by any person or entity, to the Blocked Assets that will have been turned over.

32.     BNY Mellon is also entitled to preliminary and permanent injunctive relief (i) restraining and enjoining Petitioners, the third-party respondents, and all other persons and entities from instituting or prosecuting any other proceeding, in any state or federal court or any other jurisdiction or forum, that relates to or affects the Blocked Assets; (ii) requiring all of those persons and entities to assert their claims to the Blocked Assets in this proceeding; and (iii) restraining and enjoining them from instituting or prosecuting any proceeding, in any jurisdiction, as to any of the Blocked Assets that BNY Mellon is ordered to turn over to Petitioners, to any other judgment creditor of Sudan, or to anyone else.

FOURTH COUNTERCLAIM AND<br>FOURTH THIRD-PARTY CLAIM FOR RELIEF

33.     BNY Mellon repeats and realleges the allegations in paragraphs 1 through 32 above as if they were set forth here in full.

34.     BNY Mellon is entitled to a judgment awarding it its costs and reasonable attorneys' fees incurred in defending against Petitioners' judgment enforcement efforts, including its commencement and prosecution of this third-party proceeding.  Any such costs and attorneys' fees are to be awarded out of the funds in the Blocked Assets that may be turned over, to Petitioners or anyone else, under any judgment entered in this action.

WHEREFORE BNY Mellon requests the entry of a judgment as follows:

a.     Dismissing the Petition in its entirety as against BNY Mellon;

b.     Determining the rights, if any, of Petitioners, the third-party respondents, and any other persons or entities to the Blocked Assets;

c.     Determining whether any of the third-party respondents are agencies or instrumentalities of Sudan;

d.     As to each of the Blocked Assets, determining whether Petitioners have met their burden of proof with respect to the other requirements and conditions set forth in TRIA § 201 or FSIA § 1610(g) for execution against such assets;

e.     Determining that service of this third-party petition, the third-party summons, and other relevant documents upon the third-party respondents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

f.     Determining that this Court has subject matter jurisdiction, personal jurisdiction and in rem jurisdiction over the third-party respondents and the Blocked Assets to the extent necessary to determine the parties' respective rights with respect to those assets;

g.     Determining whether BNY Mellon is a proper garnishee and has properly been subjected to execution of any judgment against Sudan, and in favor of Petitioners, with respect to any of the Blocked Assets;

      h.      Determining the extent to which, if at all, each of the Blocked Assets is subject to execution to satisfy Petitioners' judgment against Sudan, and the extent to which, if at all, Petitioners or any other persons or entities are entitled to the turnover of some or more of those assets;

      i.      Discharging BNY Mellon from any and all liability to Petitioners, the third-party respondents, and any other persons and entities with respect to any of the Blocked Assets that are ordered to be turned over to any of one or more of those parties;

      j.      Permanently restraining and enjoining Petitioners, the third-party respondents, and all other persons and entities from instituting or prosecuting any proceeding, in any jurisdiction, as to any Blocked Assets that BNY Mellon is ordered to turn over to any parties;

      k.      Awarding BNY Mellon its costs and expenses, including reasonable attorneys' fees, incurred in connection with this third-party proceeding; and

      l.      Awarding BNY Mellon such other and further relief as may be just and proper.

Dated:      New York, New York  
              August 4, 2014

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____ BY G.P.F.  
     Steven B. Feigenbaum  
     Gregory P. Feit  
1185 Avenue of the Americas, 17th Floor  
New York, NY 10036  
(212) 308-6100  
*Attorneys for Respondent/Third-Party Petitioner*  
*The Bank of New York Mellon*