```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICK HARRISON, et al.,                    :
                                          :       Case No. 13-CV-03127 (PKC)
               Plaintiffs,                :
                                          :
     - against -                          :
                                          :
REPUBLIC OF SUDAN,                        :
                                          :
               Defendant.                 :
                                          :
------------------------------------------------------------X
                                          :
RICK HARRISON, et al.,                    :
                                          :
               Petitioners,               :
                                          :
     - against -                          :
                                          :
REPUBLIC OF SUDAN,                        :
                                          :
               Respondents/Garnishees.    :
                                          :
------------------------------------------------------------X
```

## PETITIONER'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Petitioners Rick Harrison, et al. ("Petitioners") by and through their attorneys, Hall, Lamb and Hall, P.A. and Frankfurt Kurnit Klein & Selz, P.C., hereby submit this statement of material facts as to which Petitioners contend there is no genuine issue to be tried, as well as citations to the admissible evidence in support of each fact.

| No. | Petitioners' Undisputed Facts | Supporting Evidence |
|---|---|---|
| | **BACKGROUND** | |
| 1. | The Petitioners are American citizens who were severely and permanently injured on October 12, 2000 as a result of the wrongful attack and bombing of the U.S.S. Cole. The bombing of the U.S.S. Cole was an act of international terrorism as defined in 18 U.S.C. § 2331. | Dkt. No. 138 at p. 3. |
| 2. | On March 30, 2012, Petitioners obtained a judgment in the aggregate amount of $314,705,896 (the "Judgment") against the Republic of Sudan. | Dkt. No. 1 p. 2. |
| 3. | Petitioners' Judgment arises out of an action they commenced on October 4, 2010 in the United States District Court for the District of Columbia under Case No. 1:10-CV-01689 (RCL). | Dkt. No. 1 at p. 20. |
| 4. | Petitioners commenced this proceeding on May 9, 2013 in an attempt to attach certain blocked assets in satisfaction of their Judgment. | Dkt. No. 1 at p. 1. |
| 5. | The turnover aspect of this proceeding was commenced on March 3, 2014 by the filing of a Petition for Turnover against more than two dozen Respondent financial institutions. | Dkt. No. 39 at p. . |
| 6. | Pursuant to the Court's Order with Respect to Giving Notice of Turnover Proceeding ("Notice Order"), this proceeding was bifurcated into two phases (i.e. "Phase I" and "Phase II"). | Dkt. No. 120 p. 3. |
| 7. | Under the Notice Order, "Phase I Blocked Assets" include accounts established to hold the proceeds of blocked electronic funds transfers ("EFTs") including "accounts worth $10,000 or more that were established to hold the proceeds of EFTs for which the Republic of Sudan, or one of its agencies and instrumentalities, may be an originator or an originating bank. | Dkt. No. 120 p. 3. |
| 8. | Under the Notice Order, "Phase II Blocked Assets" include accounts established to hold the proceeds of blocked EFTs including "accounts worth $10,000 or more that were established to hold the proceeds of EFTs for which the Republic of Sudan, or one of its agencies or instrumentalities, may be a beneficiary or beneficiary's bank. | Dkt. No. 120 p. 3. |

| No. | Petitioners' Undisputed Facts | Supporting Evidence |
|---|---|---|
| 9. | On June 19, 2014, Petitioners filed an Amended Omnibus Turnover Petition for Turnover Order ("Amended Petition"), again, seeking turnover of blocked assets towards satisfaction of their judgments. | Dkt. No. 138. |
| 10. | In their Amended Petition, Petitioners moved for turnover of blocked Sudanese assets, pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337 ("TRIA"), Section 1610(g) of the Foreign Sovereign Immunities Act ("FSIA"), and N.Y. C.P.L.R. §5225(b), made applicable through Fed.R.Civ. P. 69. | Dkt. No. 138 ¶ 1. |
| 11. | In their Amended Petition, among other blocked accounts, Petitioners sought turnover of certain blocked accounts that originated from a Sudanese banking institution, El Nilein Industrial Development Bank ("El Nilein Blocked Accounts"). | Dkt. No. 138 at Exh. 1, Schedule A.1: 1st listed account; Exh. 3, Schedule A.1: 3rd listed account, Schedule A.2: sole listed account; Exh. 5, Schedule A.1: 3rd and 9th listed accounts; Exh. 6, Schedule A.1: all listed accounts; Exh. 11, Schedule A.1: 2nd listed account. |
| 12. | El Nilein Industrial Development Bank was organized by the government of the Republic of Sudan on March 8, 1993. It remained wholly owned by the government of the Republic of Sudan, until 2006, when it was partially privatized. | Decl. of Roarke Maxwell, Esq., Exh. 1 – Decl. of Benaiah Yongo-Bure at ¶ 11. |
| 13. | All of the El Nilein Blocked Accounts sought by the Plaintiffs were blocked during the period in which El Nilein Industrial Development Bank was wholly owned by the government of the Republic of Sudan. | Dkt. No. 138 at Exh. 1, Schedule A.1: 1st listed account; Exh. 3, Schedule A.1: 3rd listed account, Schedule A.2: sole listed account; Exh. 5, Schedule A.1: 3rd and 9th listed accounts; Exh. 6, Schedule A.1: all listed accounts; Exh. 11, Schedule A.1: 2nd listed account. |
| 14. | El Nilein Industrial Development Bank is currently operated under the name El Nilein Industrial Development Bank Group. | Decl. of Roarke Maxwell, Esq., Exh. 1 – Decl. of Benaiah Yongo-Bure at ¶ 11. |
| 15. | El Nilein Industrial Development Bank Group was served with third-party interpleader petitions in relation to Petitioners' Amended Petition for turnover of certain accounts for which El Nilein Industrial | Dkt. Nos. 203, 210, 211, 217, 243, 244, 251, 254, 278, 280, 293, 299. |

| No. | Petitioners' Undisputed Facts | Supporting Evidence |
|---|---|---|
| | Development Bank Group was believed to have a potential claim or interest. | |
| 16. | By Order dated March 12, 2015, the Court instructed Respondents to seek certificates of default against all third party respondents served with Interpleader Documents who failed to timely respond. | Dkt. No. 347. |
| 17. | El Nilein Industrial Development Bank Group failed to timely respond to the interpleader petitions with which it was served and a Certificate of Default was entered against it, and a request for a second default remains pending. | Dkt. No. 362; Dkt. No. 368 (requesting certificate of default). |
| 18. | El Nilein Industrial Development Bank Group failed to respond as required by the Notice Protocol established Order with Respect to Giving Notice of Turnover Proceeding (Dkt. No. 120) by filing with the Court written objections asserting any interest it may have had in the blocked assets of El Nilein Industrial Development Bank sought by the Petitioners. | Decl. of Roarke Maxwell, Esq. |

Dated: New York, New York
August 26, 2016

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By /s/ Edward H. Rosenthal
    Edward H. Rosenthal, Esq.
    FRANKFURT KURNIT KLEIN & SELZ, P.C.
    488 Madison Ave, 10th Floor
    New York, New York 10022
    Phone: (212) 980-0120
    Fax:    (212) 593-9175

    Andrew C. Hall, Esq.*
    Roarke Maxwell, Esq.*
    HALL, LAMB and HALL, P.A.
    Grand Bay Plaza, Penthouse One
    2665 South Bayshore Drive
    Miami, Florida, 33133
    Phone: (305) 374-5030
    Fax:    (305) 374-5033
    * admitted *pro hac vice*

*Attorneys for Plaintiffs/Petitioners*