UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICK HARRISON, et al.,

        Plaintiffs,

-against-

REPUBLIC OF SUDAN,

        Defendant.

Case No. 1:13-cv-03127 (PKC)

STIPULATION, ORDER AND JUDGMENT DIRECTING THE TURNOVER OF FUNDS AND THE DISCHARGE AND RELEASE OF GARNISHEE THE BANK OF NEW YORK MELLON

---

This Stipulation, Order, and Judgment is entered into between respondent/garnishee The Bank of New York Mellon ("BNY Mellon") and third-party respondent Sudanese Libyan Investment and Development Co. Ltd. ("SLID"), by their respective undersigned counsel.

WHEREAS:

1. Petitioners Rick Harrison et al. ("Petitioners" or the "*Harrison* plaintiffs") were the plaintiffs in an action in the United States District Court for the District of Columbia (the "D.C. District Court") entitled *Harrison, et al. v. Republic of Sudan*, No. 10-cv-1689 (RCL) (D.D.C.), in which a default judgment was entered against the Republic of the Sudan (the "Sudan") on March 30, 2012, in the amount of $314,705,896.

2. As explained further below, that default judgment has since been vacated as a result of a decision by the U.S. Supreme Court dated March 26, 2019. Sudan and the *Harrison* plaintiffs subsequently settled the case and jointly dismissed the underlying action — which was the predicate for this action — by a stipulation that was endorsed by the D.C. District Court on April 6, 2020. *Harrison, et al. v. Republic of Sudan*, No. 1:10-cv-01689 (D.D.C.) (Doc. No. 75) (Stipulation of Dismissal).

3. Petitioners registered the default judgment in this Court on October 2, 2012, in the related miscellaneous proceeding entitled *Harrison, et al. v. Republic of Sudan*, No. 12-mc-0328-P1 (Judgment No. 12,1727).

4. Petitioners thereafter commenced this proceeding and, on June 19, 2014, filed an Amended Omnibus Petition for Turnover Order (ECF No. 138) seeking an order directing the turnover of, among other assets, funds held by BNY Mellon in a blocked account with account number ending in 51900 (the "Blocked Account").

5. The funds held in the Blocked Account consist of the proceeds, plus interest, in the total amount of $513,608.19 as of February 3, 2021. The Blocked Account was originally established upon BNY Mellon's block of an underlying electronic funds transfer ("EFT"), in the amount of $300,000, on June 1, 1992, pursuant to certain sanctions regulations administered by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury.

6. The parties to the EFT were (i) the Central Bank of Sudan (the "Central Bank"); (ii) the Federal Reserve Bank of New York (the "Federal Reserve"); (iii) BNY Mellon; (iv) Al Shamal Islamic Bank ("Al Shamal"); and (iv) SLID, which was the beneficiary of the EFT.

7. On August 4, 2014, BNY Mellon filed a Third-Party Petition for Interpleader and Other Relief (the "Interpleader Petition") (ECF No. 217) for a determination of the rights, if any, of Petitioners and the third-party respondents as to multiple blocked assets, including the Blocked Account.

8. By Order and Judgment entered on January 4, 2017 (the "Turnover Judgment," ECF No. 506), the Court ruled that the Blocked Account was subject to execution and directed BNY Mellon to pay the Blocked Account's funds to Petitioners within 30 days of the entry of the Turnover Judgment.

Case 1:13-cv-03127-PKC   Document 573   Filed 02/16/21   Page 3 of 8
Case 1:13-cv-03127-PKC   Document 572   Filed 02/11/21   Page 3 of 8

9.  On February 3, 2017, before the Turnover Judgment had been complied with, the Central Bank appeared in the case and filed an appeal from the Turnover Judgment in the U.S. Court of Appeals for the Second Circuit. By stipulation dated May 30, 2017 among the Central Bank, Petitioners and BNY Mellon, the Central Bank withdrew that appeal, and the Central Bank moved to vacate the Turnover Order on June 23, 2017 under Fed. R. Civ. P. 60(b)(4) (ECF No. 532).

10. By Order dated October 24, 2017 (ECF No. 544), the Court directed the Federal Reserve to submit its position on the motion. In its submission, filed on November 21, 2017 (ECF No. 549), the Federal Reserve disclaimed an interest in the Blocked Account.

11. By Order dated January 5, 2018 (ECF No. 550), the Court denied the Central Bank's motion to vacate the Turnover Judgment, and on February 1, 2018, the Central Bank filed an appeal from that Order.

12. While the Central Bank's appeal was pending, the U.S. Supreme Court, in *Republic of Sudan v. Harrison*, 139 S. Ct. 1048 (2019), ruled that the *Harrison* plaintiffs had failed to effect service on the Sudan pursuant to Section 1608 of the Foreign Sovereign Immunities Act, and that the D.C. District Court had thus lacked jurisdiction to enter the *Harrison* plaintiffs' default judgment against the Sudan — the default judgment on which the Turnover Judgment was later based.

13. By Order dated September 11, 2019, the D.C. District Court in *Harrison*, on remand, vacated the default judgment against the Sudan.

14. As a result of the U.S. Supreme Court's decision voiding the underlying default judgment, by Order dated February 14, 2020, the Second Circuit vacated both the Turnover

Judgment and this Court's January 5, 2018 Order denying the Central Bank's motion to vacate the Turnover Judgment.

15. After the Second Circuit issued its February 14, 2020 Order, the *Harrison* plaintiffs and the Sudan reached a settlement of the *Harrison* plaintiffs' underlying action in the D.C. District Court and, on April 3, 2020, filed a joint stipulation of dismissal with prejudice that the D.C. District Court endorsed on April 6, 2020. (*See Harrison v. Republic of Sudan*, Doc. No. 75.)

16. The Central Bank and the *Harrison* plaintiffs wrote a joint letter to this Court on August 12, 2020 (Doc. No. 561), stating that in view of the U.S. Supreme Court's March 2019 decision, the September 2019 Order of the D.C. District Court vacating the default judgment against the Sudan, the February 14, 2020 Order of the Second Circuit vacating the Turnover Judgment, and the parties' April 2020 joint stipulation of dismissal endorsed by the D.C. District Court, the parties agreed that the enforcement proceedings in this Court should be closed and stood ready to submit a stipulation of dismissal with prejudice pending disposition of the Blocked Funds. In that letter, the Central Bank stated its intention to work with BNY Mellon to return the funds in the Blocked Account to the beneficiary of the blocked EFT underlying the Account.

17. The Central Bank wrote another letter to this Court on November 2, 2020 (Doc No. 567), stating that the Central Bank had no claim to the funds in the Blocked Account, and that the blocked funds should be returned to SLID as the beneficiary of the original wire transfer. The Central Bank reaffirmed that it would continue to work with BNY Mellon to facilitate the return of the blocked funds to SLID. As a result, undersigned counsel entered an appearance for SLID on February 11, 2021.

18. SLID is a private Sudanese company that is indirectly owned by a Libyan governmental entity, the Libyan Investment Authority ("LIA"). The LIA's assets in the United

4

States had been subject to blocking under the Libyan Sanctions Regulations, 31 C.F.R. Part 570, until the issuance by OFAC of General License 11 on December 16, 2011. General License 11 unblocked all Government of Libya assets, with the exception of funds and precious metals of the LIA that had previously been blocked. Accordingly, due to the LIA's upstream ownership of SLID, SLID will be seeking OFAC's formal guidance and a specific license, as necessary, with respect to the funds in the Blocked Account.

19. Subject to the terms set forth in the paragraphs below and OFAC's formal guidance or a specific license, BNY Mellon has agreed to turn over the funds in the Blocked Account to SLID. Such turnover is appropriate in view of the express disclaimer of any interest in the Blocked Account by the *Harrison* plaintiffs the Central Bank and the Federal Reserve, and Al Shamal's lack of a property interest in the Blocked Account under the law in this Circuit.

NOW, THEREFORE, it is hereby STIPULATED, ORDERED, ADJUDGED AND DECREED as follows:

a. Within 20 days after SLID obtains either (i) a written determination by OFAC that no such license is required, or (ii) a license from OFAC authorizing BNY Mellon to pay the funds in the Blocked Account to SLID, BNY Mellon shall transfer the funds in the Blocked Account, in the amount of $513,608.19, to SLID in accordance with wire or other payment instructions that SLID's counsel provides to BNY Mellon's counsel.

b. Upon its payment of the funds in the Blocked Account to SLID, BNY Mellon, including its parent company and all affiliated companies:

i. Shall be fully discharged, pursuant to CPLR §§ 5209 and 6204, from any and all liability with respect to the funds in the Blocked Account, and shall be fully discharged from any and all obligations or other liabilities to the Central Bank, the Federal Reserve, the

*Harrison* plaintiffs, Al Shamal, SLID, and any other person or entity with respect to the Blocked Account and the funds therein; and

ii. Shall be released by SLID, for itself and on behalf of all its affiliated entities, from any and all actions, causes of action, suits, claims and demands, in law or equity, arising from or relating to the Blocked Account, the funds therein, and the turnover of those funds to SLID.

c. All pending claims of any persons or entities against BNY Mellon, as to the Blocked Account and the funds therein, are hereby dismissed with prejudice, and any such claims brought in the future shall be dismissed with prejudice as a violation of this paragraph and of the permanent injunction provisions set forth in paragraph e below.

d. In the event any person or entity asserts a future claim against BNY Mellon, in any court, tribunal or arbitration forum, as to the Blocked Account, the funds therein, or the turnover of those funds to SLID, and notwithstanding that any such claim would be in violation of the permanent injunction provisions set forth in paragraph e below, SLID shall indemnify BNY Mellon for any liability, reasonable attorneys' fees and costs that BNY Mellon incurs in any such proceeding.

e. The Central Bank, the Federal Reserve, the *Harrison* plaintiffs, Al Shamal, SLID, and all other persons or entities are hereby permanently restrained and enjoined from instituting or pursuing any other pending or future legal actions or proceedings, in any court, tribunal or arbitration forum, against BNY Mellon with respect to the Blocked Account and the funds therein.

f. Subject only to BNY Mellon's payment of the funds in the Blocked Account to SLID, all writs of execution, citations, restraining notices or other judgment enforcement devices,

to the extent they remain pending, that cover or otherwise apply to the Blocked Account are hereby permanently terminated and deemed vacated and null and void.

g. This Stipulation, Order and Judgment is intended to apply solely to the funds in the Blocked Account and is not intended to affect any other determination in this or any other proceeding involving blocked funds held by BNY Mellon.

h. This Stipulation, Order and Judgment is a final and appealable judgment within the meaning of Fed. R. Civ. P. 54(b), and there is no just cause for delay of the enforcement of or appeal from this Stipulation, Order and Judgment. This Stipulation, Order and Judgment finally disposes of all claims that have been, or that could have been, asserted by the *Harrison* plaintiffs, the Central Bank, the Federal Reserve, Al Shamal, SLID or any other person or entity for the turnover of the funds in the Blocked Account.

i. This Court shall retain jurisdiction over this proceeding to enforce any violation of one or more of the terms of this Stipulation, Order and Judgment, including any breach of the indemnification obligations set forth in paragraph d above.

Dated: February 11, 2021

| THE BANK OF NEW YORK MELLON | SUDANESE LIBYAN INVESTMENT DEVELOPMENT CO. LTD. |
|---|---|
| s/ *Steven B. Feigenbaum*<br>Steven B. Feigenbaum<br>Katsky Korins LLP<br>605 Third Avenue<br>New York, NY 10158<br>(212) 953-6000<br>sfeigenbaum@katskykorins.com<br><br>*Counsel for The Bank of New York Mellon* | s/ *Claire DeLelle*<br>Claire DeLelle<br>Nicole Erb<br>White & Case LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005<br>(202) 626-3600<br>claire.delelle@whitecase.com<br>nerb@whitecase.com<br><br>*Counsel for Sudanese Libyan Investment Development Co. Ltd.* |

7

SO ORDERED AND ADJUDGED

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
February 16, 2021